[No. A121899. First Dist., Div. Five. Oct. 27, 2008.]

CITIZENS FOR CIVIC ACCOUNTABILITY, Plaintiff and Appellant, v.
TOWN OF DANVILLE, Defendant and Respondent.
DAVIDON HOMES, Real Party in Interest and Respondent.

## COUNSEL

Law Offices of Brian Gaffney, Brian Gaffney and Celeste C. Langille for Plaintiff and Appellant.

Robert B. Ewing for Defendant and Respondent.

Bingham McCutchen, Stephen L. Kostka and Julie Jones for Real Party in Interest and Respondent.

## OPINION

**DONDERO, J.**[*]—Consistent with a court order mandating electronic filing and service in this complex litigation matter, the clerk of the court e-mailed the parties a notice that judgment had been filed. The e-mail directed the parties to a Web site where they could sign in and open an electronic copy of the file-stamped judgment. Respondents move to dismiss this appeal because appellant did not file a notice of appeal within 60 days of its receipt of the clerk's e-mail. We deny the motion and hold that the 60-day appeal period in California Rules of Court, rule 8.104(a)(1) is triggered only by the mailing of a judgment by the United States Postal Service.

### BACKGROUND

Citizens for Civic Accountability (Citizens) petitioned the Contra Costa Superior Court for a writ of mandate and an injunction that would overturn the Town of Danville's approval of a residential development project. (*Citizens for Public Accountability v. Town of Danville* (Super. Ct. Contra Costa County, 2008, No. MSN07-1359).)[1] The court designated the matter complex litigation and in October 2007 issued an order mandating electronic filing and service in accordance with the court's Electronic Case Filing Standing Order (Standing Order). The court named LexisNexis as the Electronic Filing

---

[*] Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] The record on the motion does not explain the discrepancy in the appellant's name.

Service Provider (EFSP). The Standing Order provides: "Orders filed by the court in cases designated for electronic filing will be served: (a) through the EFSP; or (b) by e-mail from the court to the address(es) provided to the EFSP. No paper service will be made by the court."

On April 1, 2008, LexisNexis File & Serve sent the parties a message by electronic transmission (an e-mail) stating, "You are being served documents that have been electronically submitted in [*Citizens for Public Accountability v. Town of Danville*] through LexisNexis File & Serve." The e-mail identified the document as a judgment on petition for writ of mandate, and stated that it had been authorized for filing on April 1, 2008. To view the document, the parties had to visit a LexisNexis File & Serve Web site, sign in, and open a document file. The document so accessed bore an "electronically filed" file stamp dated April 1, 2008. The judgment granted the petition in part and denied it in part.

Citizens served a notice of entry of judgment on April 10, 2008. On June 9, it filed a notice of appeal.

### DISCUSSION

Respondents argue the notice of appeal is untimely because it was filed more than 60 days after the clerk of the court e-mailed the file-stamped judgment to the parties.

California Rules of Court,[2] rule 8.104(a) establishes the time within which a party may file an appeal. As relevant here, the rule requires a notice of appeal to be filed on or before "60 days after the superior court clerk mails the party filing the notice of appeal a . . . file-stamped copy of the judgment, showing the date [it] was mailed." (Rule 8.104(a)(1).) Respondents argue that the clerk of the court "mailed" the judgment within the meaning of the rule when it sent the parties, via the EFSP, notice that the judgment had been filed. We disagree.

In construing rule 8.104(a), we apply ordinary principles of statutory construction. (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902 [55 Cal.Rptr.3d 534, 152 P.3d 1109] (*Alan*).) "Our objective is to determine the drafter's intent." (*Ibid.*) Intent is determined first and foremost by the plain meaning of the statute's language. (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 775 [72 Cal.Rptr.2d 624, 952 P.2d 641].) " ' "[W]e seek to give meaning to every word and phrase in the statute . . . ." ' " (*Ibid.*) If the language is clear and unambiguous, there is

---

[2] All rule references are to the California Rules of Court unless otherwise indicated.

no need for judicial construction. (*Ibid.*) When the language is reasonably susceptible of more than one meaning, however, we look to extrinsic aids to help discern the intended meaning. (*Id.* at p. 776.) Among other aids, we may consider the statutory scheme and the apparent purposes underlying the statute. (*Ibid.*)

■ Rule 8.104(a) directly affects a litigant's *right* to appeal because, as the Supreme Court has held, a timely appeal establishes the appellate court's jurisdiction over a case. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].) Therefore, "when courts are called upon to resolve ambiguities in rules that limit the right to appeal, such as rule 8.104(a)(1)[,] . . . we follow the well-established policy . . . of 'according [the] right [to appeal] in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' [Citation.] This principle has led courts interpreting rule 8.104(a)(1) and its predecessors to hold that documents mailed by the clerk do not trigger the 60-day period for filing a notice of appeal unless the documents strictly comply with the rule." (*Alan, supra,* 40 Cal.4th at p. 902.) For example, courts have held that the "document entitled 'Notice of Entry' " mentioned in the rule must bear precisely that title, and the " 'file-stamped copy of the judgment' [citation] must truly be file stamped." (*Id.* at p. 903, quoting rule 8.104(a)(1).)

Respondents ask us to construe "mailed" to include "e-mailed" in the circumstances of this case. However, it cites no other instance where the Legislature has used the term "mail" in such a broad sense. On the contrary, our review of rules and statutes relating to service of court documents discloses that the Legislature uses the term "mail" to mean physical delivery by the United States Postal Service. In Code of Civil Procedure section 415.20,[3] for example, the Legislature permits service, in lieu of personal delivery, by leaving a copy of the summons and complaint at the home or office of the person to be served and "thereafter *mailing* a copy of the summons and complaint by first-class mail, postage prepaid . . . ." (Italics added.) Section 415.30 permits service "by mail" in the following manner: "A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) . . . ." (§ 415.30, subd. (a).)

Court rules also use "mail" only to mean postal service and use different terms to signify delivery by other means. Rules 2.300 to 2.306, which govern the delivery of documents by facsimile transmission, use the terms "fax transmission" or "facsimile transmission" rather than "mail." The court rules governing the use of e-mail to file and serve court documents use the terms " 'electronic filing' " (which is defined as "the electronic transmission to a court of a document in electronic form") and " 'electronic service' " (which is

---

[3] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

defined as "the electronic transmission of a document . . . for the purpose of effecting service"). (Rules 2.250–2.261.) The rule governing electronic service specifically distinguishes between five methods of document delivery: "mail," "express mail," "overnight delivery," "fax transmission," and "electronic service." (Rule 2.260(a)(1).) In order to give each of these terms a distinct meaning and avoid surplusage, "mail" must be construed as delivery by the United States Postal Service.

█ Respondents argue that to construe "mail" to include only postal delivery would be inconsistent with the plain meaning of the word as indicated by dictionary definitions. In fact, the dictionary definitions of "mail" that were submitted by Respondents define "mail" primarily as postal delivery and only secondarily (or as a third or fourth definition) as electronic delivery of messages. (Merriam-Webster's Collegiate Dict. (10th ed. 2001) p. 699; American Heritage Dict. (4th ed. 2000) p. 1054; Oxford College Dict. (2d ed. 2007)·p. 821.) These definitions thus demonstrate that the term is "reasonable susceptible of more than one meaning." (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 231 [110 Cal.Rptr. 144, 514 P.2d 1224] [discussing dictionary definition of "voluntary" and concluding the word is ambiguous].) Applying the principle that ambiguities in the rules governing the time to appeal should be resolved in favor of preserving the right to appeal, we construe the term narrowly to apply only to postal delivery.[4]

Respondents argue that construing "mail" in rule 8.104(a)(1) to include only postal delivery would be inconsistent with rule 2.260. Rule 2.260(a)(1) provides: "When a notice may be served by mail, express mail, overnight delivery, or fax transmission, electronic service of the notice is permitted when authorized by these rules." Rule 2.260(g) provides: "The court may electronically serve any notice, order, judgment, or other document issued by the court in the same manner that parties may serve documents by electronic service." These rules discuss "service" not "mail." If rule 8.104(a)(1) provided that the 60-day time limit for filing an appeal begins to run when the clerk of the court "serves" a notice of entry of judgment or a file-stamped copy of the.judgment showing the date it was served, the court's orders and rule 2.260 might establish that the April 1, 2008 electronic transmission of the judgment triggered the 60-day period in this case. Rule 8.104(a), however, uses the term "mail" and rule 2.260 does not provide that electronic transmission constitutes "mailing" when required by statute or court rule. Again, because rule 8.104(a)(1) must be strictly construed to preserve the

---

[4] Because we construe "mail" in rule 8.104(a)(1) to include only postal delivery, we need not decide whether the April 1, 2008 e-mail, which showed the date it was sent and informed the recipients that an electronic copy of the file-stamped judgment was accessible on the Internet, satisfied the single-document rule announced in *Alan, supra,* 40 Cal.4th at page 904.

right to appeal when possible without doing violence to the language of the rule, "mail" must be construed according to its primary meaning to be limited to postal delivery.

Respondents also argue that construing "mail" in rule 8.104(a)(1) to include only postal delivery would be inconsistent with the electronic filing and service order imposed in this case. They note that the October 2007 order provided, "E-service shall be the only method of service considered as valid and effective on all designated recipients pursuant to California Rules of Court 2.250–2.260, inclusive." The Standing Order similarly provides, "The designated EFSP will provide electronic service for all documents requiring service . . . as provided in Rule of Court 2060. Delivery of e-service documents through the EFSP to other registered users shall be considered as valid and effective service and shall have the same legal effect as an original paper document. Recipients of e-service documents shall access their documents through the EFSP." Again, these orders discuss what constitutes "service" in a matter designated for e-filing and e-service, not what constitutes "mailing."[5]

Nor is our holding inconsistent with the e-filing and e-service order as a practical matter. That is, our conclusion that the clerk's e-mailing the judgment fails to trigger the appeal deadline does not lead to an anomalous result. In the ordinary case, the clerk of the court neither serves nor mails the judgment in the manner described in rule 8.104(a)(1). (*Alan, supra,* 40 Cal.4th at p. 900.) In the ordinary case, either a party triggers the time to appeal by serving a notice of entry of judgment or the appeal period runs for 180 days from entry of the judgment. (Rule 8.104(a)(2), (1), (3).) The absence of a clerk's mailing of a notice of entry or copy of the judgment does not create a vacuum in the procedures for terminating a case in the trial court and triggering the time to appeal. To allow a clerk's e-mail to trigger the appeal period, on the other hand, would create a trap for the unwary. The right to appeal could be too easily forfeited due to a lack of clarity in what acts trigger the time to appeal. Our holding appropriately resolves ambiguities in the rule to preserve the right to appeal in doubtful cases without doing violence to the language of the rule.

---

[5] Even if the order provided that electronic transmission constituted "mailing" for purposes of applying civil procedure statutes or rules of court, it would likely be ineffective. (See *Rutherford v. Owens-Illinois* (1997) 16 Cal.4th 953, 966–968 [67 Cal.Rptr.2d 16, 941 P.2d 1203] [trial courts are not authorized to issue local rules that conflict with state law or Judicial Council rules].)

## Disposition

The motion to dismiss the appeal is denied.

Jones, P. J., and Needham, J., concurred.