[No. H033058. Sixth Dist. Jan. 30, 2009.]

INSYST, LTD., Plaintiff and Appellant, v.
APPLIED MATERIALS, INC., et al., Defendants and Respondents.

**COUNSEL**

Dwyer & Biggs, John P. Dwyer; Kellogg, Huber, Hansen, Todd Evans & Figel and David C. Frederick for Plaintiff and Appellant.

Perkins Coie, Brian Hennessy, Esha Bandyopadhaya; Perkins Coi Brown & Bain, Michael F. Bailey, Chad S. Campbell and David M. LaSpaluto for Defendants and Respondents.

**OPINION**

**RUSHING, P. J.—**

### INTRODUCTION

In this day and age and location, what is popularly called Silicon Valley, electronic mail (e-mail) has virtually supplanted regular mail (sometimes pejoratively dubbed "snail" mail) for many types of communication. The issue presented by the motion under our review is whether an e-mailed notice of the entry of the judgment in this complex litigation was sufficient to start the time running to file a notice of appeal.

Defendants Applied Materials, Inc., and Applied Materials (Israel) Ltd. have filed a motion to dismiss this appeal by plaintiff InSyst, Ltd., as untimely filed. We are asked to determine whether the notice of appeal filed on Tuesday, June, 11, 2008, was timely filed within 60 days after the clerk's mailing of a notice of entry of the judgment on Tuesday, April 15, 2008, or untimely filed on the 61st day after an e-mail service of the judgment on Friday, April 11, 2008. For the reasons stated below, we will deny the motion to dismiss, concluding that the electronic notice in this case did not amount to service of either a notice of entry of judgment or a file-stamped copy of the judgment.

## FACTS

On October 4, 2004, the Santa Clara County Superior Court deemed this action to be complex litigation. On August 28, 2006, that court adopted a standing order authorizing electronic filing and service of documents in complex litigation via an electronic service provider. The standing order provides in part: "All parties shall make service upon other parties through the Court's electronic filing system. Parties, or their designated counsel, shall receive all documents electronically filed and served upon them via access to the Court's electronic filing system." "The electronic service of a pleading or other document shall be considered as valid and effective service on all participants and shall have the same legal effect as an original paper document." "The Court may issue, file, and serve notices, orders, and other documents electronically, subject to the provisions of this Standing Order. No paper service will be made by the Court." The standing order does not provide for the time to respond to electronic service.

On April 11, 2008, after a jury trial, the trial judge signed a written judgment in defendants' favor. The judgment was file-stamped as electronically filed at 1:38 p.m. on the court's Web site <http://www.scefiling.org>, by <www.scefiling.org>. At 1:43 p.m., an e-mail notice was transmitted simultaneously to the attorneys of the parties in the case, including six attorneys representing plaintiff. According to the proof of electronic service, the final judgment was "submitted via the [World Wide Web] . . . and served by electronic mail notification." The proof of service explained further that the parties were sent "an electronic mail message" that "identified the document and provided instructions for accessing the document on the [World Wide Web]."

A copy of the electronic service notice (document #11665) shows that the attorneys were notified that there was a "Final Judgment, signed by Judge Jack Komar *(Click here to view document information)*." We take judicial notice (Evid. Code, §§ 452, subds. (d), (h), 459) that the underlined passage

is a hyperlink that, when clicked, leads to a description of the document. (<http://www.scefiling.org/filingdocs/194/9760/service107-91.html> [as of Jan. 30, 2009].) That document itself contains a hyperlink that, when clicked, leads to a file-stamped copy of the judgment.

On April 15, 2008, the clerk of the Santa Clara County Superior Court mailed a document entitled "Notice of Entry of Judgment and Certificate of Mailing" to the attorneys, stating that the judgment was entered on April 11, 2008. On June 11, 2008, 61 days after the e-mail notice, plaintiff filed a notice of appeal from the April 11, 2008 judgment.

### THE TIME FOR FILING A NOTICE OF APPEAL

■    According to Rule 8.104,[1] a party has 180 days after a judgment is entered to file a notice of appeal (Rule 8.104(a)(3)), unless the time is shortened to 60 days in one of six ways. The time may be shortened if "the party . . . serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment" (*id.*, subd. (a)(2)) or if "the superior court clerk mails the party filing the notice of appeal" either of these two documents (*id.*, subd. (a)(1)).[2] Under this rule, there are only two kinds of documents that can trigger the time to file a notice of appeal (sometimes hereafter triggering documents). (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 905 [55 Cal.Rptr.3d 534, 152 P.3d 1109] (*Alan*).)

Service by mail of a triggering document does not extend the time to file a notice of appeal.[3] The 60 days begins on the date of mailing and does not

---

[1] All rule references are to California's Rules of Court. All unspecified section references are to the Code of Civil Procedure.

[2] Rule 8.104(a) provides in full: "Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of:

"(1) 60 days after the superior court clerk mails the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was mailed;

"(2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or

"(3) 180 days after entry of judgment."

[3] Section 1013, subdivision (a) provides: "In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence. The service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which

depend upon the party's actual receipt of the document. (*Sharp v. Union Pacific R.R. Co.* (1992) 8 Cal.App.4th 357, 360 [9 Cal.Rptr.2d 925] [mail service by party].) It is the initial mailing or service of a triggering document that commences the running of the time to appeal. The time to file a notice of appeal is not reset or extended by a second or subsequent notice of entry of the same judgment. (*Filipescu v. California Housing Finance Agency* (1995) 41 Cal.App.4th 738, 742 [48 Cal.Rptr.2d 736]; *Stuart Whitman, Inc. v. Cataldo* (1986) 180 Cal.App.3d 1109, 1113–1114 [226 Cal.Rptr. 42]; cf. *Fawn v. Holiday Investment Corp.* (1978) 81 Cal.App.3d 582, 585 [146 Cal.Rptr. 512].)

### Recognized Methods of Serving Documents

Plaintiff argues that rule 8.104(a)(1) authorizes only one form of service of a triggering document by the superior court clerk, namely mail service, which took place in this case on April 15, 2008, when a notice of entry of judgment was deposited in the United States mail, fewer than 60 days from plaintiff's notice of appeal.

■ It is notable that rule 8.104 speaks of a triggering document being mailed by the court clerk (*id.*, subd. (a)(1)) and served by a party (*id.*, subd. (a)(2)). We apply established principles of statutory construction to the California Rules of Court. (*Alan, supra,* 40 Cal.4th 894, 902.) One of those principles is that, "[i]f the rule's language is clear and unambiguous, it governs." (*Ibid.*) Another principle is that "[w]here different words or phrases are used in the same connection in different parts of a statute, it is presumed the Legislature intended a different meaning." (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1117 [81 Cal.Rptr.2d 471, 969 P.2d 564].)

■ As plaintiff points out, rule 8.104 is derived from former rule 2, which was written long before the invention of e-mail. We agree with plaintiff that "mails" in rule 8.104(a)(1) continues to refer to employing the United States Postal Service, and that "mails" does not mean "e-mails."[4] We

time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California, 10 calendar days if either the place of mailing or the place of address is outside the State of California but within the United States, and 20 calendar days if either the place of mailing or the place of address is outside the United States, but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court."

[4] This was the conclusion reached quite recently by Division Five of the Court of Appeal, First Appellate District in *Citizens for Civic Accountability v. Town of Danville* (2008) 167

do not understand defendants to argue otherwise. In contrast, "serves" in rule 8.104(a)(2) has a broader meaning, and includes service by mail as well as other methods.

Various sections of the Code of Civil Procedure describe alternative methods of serving written notices and other papers. Section 1010 provides in part, "Notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code." An attorney or a party may be served by personal delivery of a document (§ 1011), by leaving the document in a specified location (§ 1011, subds. (a), (b)), by mail employing the United States Postal Service (§§ 1012, 1013, subds. (a), (b)), by Express Mail or another overnight delivery service (§ 1013, subds. (c), (d)), or by facsimile transmission by mutual agreement (§§ 1010.5, 1013, subds. (e), (f)). Thus, for example, a party may serve another party with a notice of entry of judgment by leaving it with a person apparently in charge of the party's attorney's office. (*National Advertising Co. v. City of Rohnert Park* (1984) 160 Cal.App.3d 614, 618–619 [206 Cal.Rptr. 696].) There is another method of serving documents in some cases, which we now examine.

### THE RULES ALLOWING FILING AND SERVING DOCUMENTS EELECTRONICALLY

Effective January 1, 2000 (Stats. 1999, ch. 514, § 1), the Legislature enacted section 1010.6, which states that "[a] trial court may adopt local rules permitting electronic filing and service of documents" (*id.*, subd. (a)) in certain actions, including complex litigation, subject to certain conditions.[5] As noted above, this case was deemed to be complex litigation and is subject to the standing order of the Santa Clara County Superior Court authorizing electronic filing and service of documents.

---

Cal.App.4th 1158 [84 Cal.Rptr.3d 684] (*Citizens*), which rejected a claim that the time to appeal ran from e-mail notice that a judgment had been entered and filed electronically.

[5] More specifically, section 1010.6 provides: "(a) A trial court may adopt local rules permitting electronic filing and service of documents, subject to rules adopted pursuant to subdivision (b) and the following conditions: [¶] . . . [¶]

"[Conditions 1 through 5 apply to electronic filing of documents. Condition 6, quoted in the following text, pertains to electronic service. Condition 7 pertains to obtaining a waiver of court fees and costs.]

"(8) If a trial court adopts rules conforming to paragraphs (1) to (7), inclusive, it may provide by order that all parties to an action file documents electronically in a class action, a consolidated action, or a group of actions, a coordinated action, or an action that is deemed complex under Judicial Council rules, provided that the trial court's order does not cause undue hardship or significant prejudice to any party in the action.

"(b) By January 1, 2003, the Judicial Council shall adopt uniform rules for the electronic filing and service of documents in the trial courts of the state, which shall include statewide policies on vendor contracts, privacy, and access to public records. These rules shall conform to the conditions set forth in this section, as amended from time to time."

Defendants invoke this statute in arguing that the 60 days began running earlier, with electronic notice of the entry of the judgment. We focus on section 1010.6, subdivision (a)(6), which authorizes electronic service as follows: "Where notice may be served by mail, express mail, overnight delivery, or facsimile transmission, electronic service of the notice and any accompanying documents may be authorized when a party has agreed to accept service electronically in that action. Electronic service is complete at the time of transmission, but any period of notice or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic transmission by two court days, but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by any other statute or rule of court."[6]

■ Another rule of statutory construction is that statutes with a common subject must be construed with reference to each other and harmonized, if possible, so that each word and phrase has meaning. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476 [66 Cal.Rptr.2d 319, 940 P.2d 906].) ■ Section 1010.6 is located amidst the other statutes summarized above providing for service of documents. Though we find no cases interpreting section 1010.6,[7] it is apparent to us that it was added to this part of the Code

---

[6] Rule 2.260 restates these statutory principles as follows. "(a) . . . [¶] (1) When a notice may be served by mail, express mail, overnight delivery, or fax transmission, electronic service of the notice is permitted when authorized by these rules. [¶] . . . [¶]

"(e) . . . [¶] (1) Electronic service is complete at the time of transmission.

"(2) If a document is served electronically, any period of notice, or any right or duty to act or respond within a specified period or on a date certain after service of the document, is extended by two court days.

"(3) The extension under (2) does not extend the time for filing:

"(A) A notice of intent to move for a new trial;

"(B) A notice of intent to move to vacate the judgment under Code of Civil Procedure section 663a; or

"(C) A notice of appeal. . . ."

Rule 2.250(6) states: " 'Electronic service' is the electronic transmission of a document to a party's electronic notification address, either directly or through an electronic filing service provider, for the purpose of effecting service."

[7] In *Erickson v. R. E. M. Concepts, Inc.* (2005) 126 Cal.App.4th 1073 [25 Cal.Rptr.3d 39], one party argued that an appeal was untimely after the court's electronic service of its minute order. The argument was rejected on two grounds. The party failed to establish that the court had electronically transmitted a notice of entry of the minute order. And the minute order was not the final order, as it directed preparation of an amended judgment to be signed by the court. (*Id.* at p. 1080.)

In *Citizens, supra,* 167 Cal.App.4th 1158, the First District Court of Appeal generally discussed rules 2.300 to 2.306 (governing delivery of documents by facsimile transmission)

of Civil Procedure in order to create a new means of serving notice in addition to the preexisting recognized methods.

We find significance in the first two sentences quoted above from subdivision (a)(6) of section 1010.6. The first sentence provides that "electronic service . . . may be authorized" "[w]here notice may be served by mail." We interpret this as intended to authorize electronic service of notice as an alternative to service by mail and thereby to equate these methods of service.[8]

What we find even more significant is the second sentence, which essentially borrowed much of the language of the second sentence of section 1013, subdivision (a) (quoted *ante*, in fn. 3). It provides that a party is allowed two court days beyond the usual time for responding to a document that is electronically served, "but the extension shall not apply to extend the time for filing [two other documents] or notice of appeal."

As explained above (see, *ante*, p. 1134), only two kinds of documents trigger the time to file a notice of appeal, a " 'Notice of Entry' of judgment or a file-stamped copy of the judgment." (Rule 8.104(a)(1), (2).) If these triggering documents are incapable of being electronically served, then this part of section 1010.6, subdivision (a)(6) is meaningless. " '[C]ourts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage [citation].' " (*Big Creek Lumber Co. v. County of Santa Cruz* (2006) 38 Cal.4th 1139, 1155 [45 Cal.Rptr.3d 21, 136 P.3d 821].) Obviously, the Legislature contemplated that these triggering documents may be electronically served.

Both types of documents would appear to be included in the general provisions of rule 2.260(g), "The court may electronically serve any notice,

and rules 2.250 to 2.261 (governing the electronic service and filing of documents), and specifically discussed rules 8.104 and 2.260, without ever mentioning the statutory origin of rule 2.260.

[8] The rules for proof of electronic service are based on the rules for proof of service by mail. Rule 2.260(f) states: "(1) Proof of electronic service may be by any of the methods provided in Code of Civil Procedure section 1013(a), except that the proof of service must state:

"(A) The electronic notification address of the person making the service, in place of that person's residence or business address;

"(B) The date and time of the electronic service, instead of the date and place of deposit in the mail;

"(C) The name and electronic notification address of the person served, in place of that person's name and address as shown on the envelope; and

"(D) That the document was served electronically and the transmission was reported as complete and without error, in place of the statement that the envelope was sealed and deposited in the mail with postage fully prepaid."

The reference in this rule to section "1013(a)" is an obvious drafting error. It is section 1013a that describes the required contents of a proof of service by mail.

order, judgment, or other document issued by the court in the same manner that parties may serve documents by electronic service."

Plaintiff and the First District Court of Appeal both rely on the above noted distinction in the rules between mail and service. The First District Court of Appeal dismissed rule 2.260(g) on the basis that it concerns "service" and not "mail." (*Citizens, supra,* 167 Cal.App.4th at p. 1163.) But *Citizens* failed to consider whether section 1010.6, subdivision (a)(6) has equated "electronic service" with "mail" in cases like this one in which electronic service is authorized.

Plaintiff emphasizes that the subdivisions of rule 8.104 distinguish that the clerk "mails" a document (*id.,* subd. (a)(1)) while a party "serves" a document (*id.,* subd. (a)(2)). We understand plaintiff to acknowledge that a party could electronically serve a triggering document under rule 8.104(a)(2). If a party is authorized to serve a document electronically, then so is the court under rule 2.260(g). We reiterate, under section 1010.6, subdivision (a)(6), if notice may be served by mail, it may be served electronically. We conclude that, harmonizing rule 8.104(a)(1) with section 1010.6 and its statutory context, the superior court clerk may electronically serve a triggering document in a case in which electronic service has already been authorized.

Plaintiff also invokes the principle of construction of court rules that we should resolve any uncertainties or ambiguities in favor of preserving the right to appeal, citing *Alan, supra,* 40 Cal.4th at page 905. Our above analysis reveals that we have been able to harmonize the relevant rules and statutes, particularly section 1010.6, subdivision (a)(6), without discovering any ambiguity or uncertainty.

### The Form of the Document Electronically Served

The remaining question is whether the superior court clerk in this case electronically served a triggering document on plaintiff. Rule 2.250(6) states in part that " 'Electronic service' is the electronic transmission of a document to a party's electronic notification address . . . ."

We do not understand defendants to claim that an official notice of entry of judgment was served on April 11, 2008. Neither the electronic proof of

service, the electronic service notice, nor the judgment itself was designed to be an official "Notice of Entry" of judgment, since none of them was entitled "Notice of Entry" as required by the rule.[9] (*Sunset Millenium Associates, LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256, 260 [41 Cal.Rptr.3d 273]; *Alan, supra*, 40 Cal.4th 894, 901, 903, 905.)

Instead, defendants assert that plaintiff was "served by electronic mail with a signed, file-stamped copy of the Final Judgment." A declaration by one of defendants' attorneys claims that, in support of the motion, he has attached the "Final Judgment signed by the Honorable Judge Jack Komar, filed [*sic*] stamped, entered, and served by electronic mail on the parties . . . ."

However, the attached documents do not corroborate counsel's claim. They do not establish that a copy of the file-stamped judgment was electronically transmitted to an attorney for plaintiff. As recited in the statement of facts, it appears that the attorneys were notified by an electronic service provider that the judgment had been electronically filed. The attorneys were given "instructions for accessing the document on the [World Wide Web]" and a hyperlink that led to a document description that included another hyperlink that opened a file-stamped copy of the judgment.

■ We see no provision in the new statute, section 1010.6, or its implementing rules that authorizes serving a document by giving a party notice of where he or she may find it. Rule 8.104 insists that certain formalities be observed in order to create a triggering document, either proper titling of a notice of entry of judgment, or obtaining a file-stamped copy of the judgment itself. We do not regard an e-mail explanation of where to electronically locate a judgment as the equivalent of the electronic transmission of the document. (Cf. *Call v. Los Angeles County Gen. Hosp.* (1978) 77 Cal.App.3d 911, 915 [143 Cal.Rptr. 845] [notice that the court had sustained a demurrer was deemed inadequate notice of entry of the ensuing dismissal].) Absent evidence that "a file-stamped copy of the judgment" was electronically transmitted to plaintiff, we conclude that its notice of appeal was timely filed after the clerk's physical mailing of a self-identified notice of entry of judgment.

---

[9] This titling requirement was added by a January 1990 amendment to former rule 2. Presumably it was intended to avoid litigation over what documents should be regarded as notice. The former law was that "no particular form is required; any notice in writing which will convey to a losing party that judgment has been entered is sufficient." (*National Advertising Co. v. City of Rohnert Park, supra*, 160 Cal.App.3d 614, 618; see *Delmonico v. Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 85 [6 Cal.Rptr.2d 599].) This same amendment also provided that a file-stamped copy of the judgment could substitute for a notice of its entry.

## Disposition

The motion to dismiss the appeal is denied.

Premo, J., and Elia, J., concurred.