Filed 4/22/22  Emily V. v. Team Health, LLC CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EMILY V., a Minor, etc., et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>TEAM HEALTH, LLC,<br><br>    Defendant and Respondent. | A162455<br><br>(Sonoma County<br> Super. Ct. No. SCV263680) |

Plaintiff Emily V. (Emily) appeals from a February 5, 2021 order granting specially-appearing defendant Team Health, LLC (Team Health)'s motion to quash service of summons and complaint for lack of personal jurisdiction.  As the notice of appeal was filed more than 60 days after the superior court clerk served a filed-endorsed copy of the order, we lack jurisdiction to review the order and the appeal must be dismissed.[1]

---

[1]    We deferred until this time consideration of Emily's request to take judicial notice of certain documents and her separate motion to admit documentary evidence.  In light of our determination, we now

## BACKGROUND

In 2018, Emily, by her mother and guardian ad litem, commenced an action for medical malpractice against several defendants for failure to timely diagnose and treat a hip dislocation. A Doe amendment was later filed, naming an entity identified as "TEAMHEALTH" as an additional defendant. Team Health specially appeared, alleging it had been erroneously sued as "TEAMHEALTH," and moved to quash the service of the summons and complaint for lack of personal jurisdiction on the basis that it is a Tennessee holding company.

On January 13, 2021[2], the superior court held a hearing on Team Health's motion to quash at which it stated it would grant the motion, explained its reasons for doing so, and directed Team Health's counsel to prepare a proposed order. On January 15, Team Health's counsel served the proposed order by mail on opposing counsel, together with a proof of service.

On February 5, the superior court signed[3] and filed the order granting Team Health's motion. That same day, the court clerk served

---

deny both the request for judicial notice and the motion to admit documentary evidence as they are moot.

[2]      All further dates occurred in 2021.

[3]      The appendix submitted by Emily does not include a copy of the proposed order showing the date the proposed order was filed in the superior court, but it does include a copy of the order signed by the superior court. The superior court signed the proposed order submitted by Team Health, making no substantive changes, and amending the title of the order to read: "[PROPOSED] ORDER GRANTING SPECIALLY APPEARING DEFENDANT TEAM HEALTH, LLC'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION". Further, the first page of the order includes an endorsed-stamped notation, "FILED Superior

2

all counsel by mail with a file-endorsed copy of the order and a "proof of service by mail."[4] The mailed documents also included Team Health's proof of service of the proposed order.[5]

On February 12, Team Health served a "NOTICE OF ENTRY OF ORDER GRANTING SPECIALLY APPEARING DEFENDANT TEAM HEALTH, LLC'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION," attaching as Exhibit A: (1) a file-endorsed copy of the February 5 order; (2) the January 15 proof of service of the proposed order; and (3) the court clerk's proof of service by mail of the file-endorsed copy of the February 5 order. Team Health also included its proof of service of the

---

Court of California County of Sonoma Feb 05 2021," followed by a deputy clerk's signature.

[4] The proof of service, signed by the deputy clerk on behalf of the court clerk, stated:

"I certify that I am an employee of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 107-J, Santa Rosa, California 95403; that I am not a party to this case; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the attached Order Granting Specially Appearing Defendant Team Health, LLC's Motion to Quash Service of Summons and Complaint for Lack of Personal Jurisdiction in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practice."

[5] For purposes of our analysis, we accept Emily's assertion that her counsel received the court documents, attached in the order in which they appear in her appellate appendix, as follows: (1) the file-endorsed copy of the February 5 order (4 pages), (2) January 15 proof of service of the proposed order (3 pages), and (3) the court clerk's proof of service by mail of the filed-endorsed copy of the February 5 order (1 page).

3

notice of entry of order on all counsel indicating service by mail on February 12.

On April 13, Emily filed her notice of appeal from the February 5 order.

## DISCUSSION

### A. Applicable Law

The law governing our jurisdiction in this case includes the California Constitution, the Code of Civil Procedure [6], the California Rules of Court promulgated by the Judicial Council [7], and well-settled appellate court decisions.

Pursuant to California Constitution, article VI, section 11, the Legislature exercised its authority to enact statutory rules governing this civil appeal in title 13 of part 2 of the Code of Civil Procedure. (Code Civ. Proc., §§ 901, 902, 904.1). "Gaps in [those] statutory rules" are "filled" by the California Rules of Court promulgated by the Judicial Council, "which the California Constitution vests with the authority to 'adopt rules for court administration, practice and procedure' that are consistent with statutory procedures. (Cal. Const., art VI, § 6, subd. (d).)" (*Weiss v. People ex rel. Department of Transportation* (2020) 9 Cal.5th 840, 857.)

While the California Constitution and the relevant Code of Civil Procedure sections (§§ 901, 902, 904.1) are silent "on such procedural matters as to how and when [appellants] . . . may take an appeal," the

---

[6] All undesignated statutory references are to the Code of Civil Procedure.
[7] All undesignated rules references are to the California Rules of Court.

4

silence "cannot reasonably be understood as a statement that . . . [appellants] may take an appeal how and when" they please. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1101 (*Mendez*).) Instead, appellants must file a timely notice of appeal in compliance with relevant California Rules of Courts, in this case rule 8.104, which has " 'the force of statute,' " as it is " 'not inconsistent with legislative enactments and constitutional provisions.' " (*Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1011.)

As our Supreme Court has explained, " 'the *timely* filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881, italics added, quoting *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670 (*Hollister Convalescent Hosp.*).) "[O]nce the deadline expires," as an appellate court we have "no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56; see *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.) "The purpose of the requirement of a timely notice of appeal is, self-evidently, to further the finality of judgments by causing the [appellant] to take an appeal expeditiously or not at all." (*Mendez*, *supra*, 19 Cal.4th at p. 1094.) The "parties to litigation, and any others who are interested, are entitled to know precisely when a judgment [or appealable order] is final, and to rely upon a record which shows that the time for further review has expired." (*Concoran v. Universal Guardian Corp.* (1977) 72 Cal.App.3d 904, 909, citing *Estate of Hanley* (1943) 23 Cal.2d 120, 123. )

5

Therefore, Rule 8.104 established the time within which Emily had to file an appeal.  (*Id.*, at (a), (e).)  Specifically, the deadline for filing her appeal was on or before the earliest of: "(A) 60 days after the superior court clerk serves on the party filing a notice of appeal a document entitled 'Notice of Entry' of judgment [or appealable order] or a file-endorsed copy of the judgment [or appealable order], showing the date either was served; (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment [or appealable order] or a file-endorsed copy of the judgment [or appealable order], accompanied by a proof of service; or (C) 180 days after entry of judgment [or appealable order]."  (*Id.*, at (a)(1).)

"Under this rule there are only two kinds of documents that can trigger the time to file a notice of appeal (sometimes hereafter 'triggering documents').  [Citation.] [¶] Service by mail of a triggering document does not extend the time to file a notice of appeal.  The 60 days begins on the date of mailing and does not depend upon the party's actual receipt of the document.  It is the initial mailing or service of a triggering document that commences the running of the time to appeal.  The time to file a notice of appeal is not reset or extended by a second or subsequent notice of entry of the same judgment [or appealable order]."  (*InSyst, Ltd. v. Applied Materials, Inc.* (2009) 170 Cal.App.4th 1129, 1134-1135, fns. omitted; see *Sharp v. Union Pacific R.R. Co.* (1992) 8 Cal.App.4th 357, 360 ["service is complete at the time the [triggering] document is deposited in the mail;" therefore 60-day period for filing notice of appeal commenced even though appellant asserted he never received mailed notice of entry

6

of judgment]; *Filipescu v. California Housing Finance Agency* (1995) 41 Cal.App.4th 738, 742 ["[t]he 60-day time period is triggered at the 'earliest' by the service of the document which notifies the parties that the judgment has been signed"].)

The California Rules of Court further confirm the consequences for failing to file a timely notice of appeal. Rule 8.104(b) states that, except for certain circumstances not relevant here, "no court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (See also rule 8.60(d) ["[f]or good cause, a reviewing court may relieve a party from default for any failure to comply with these rules except the failure to file a timely notice of appeal"].)

## B. Analysis

Here, the superior court clerk met the service requirements of rule 8.104(a)(1)(A) by mailing a file-endorsed copy of the February 5 order, together with a proof of service by mail which gave notice of the date the order was served. (See *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 905 [a court clerk satisfies the requirement of rule 8.104(a)(1) "by attaching a certificate of mailing to the file-stamped . . . appealable order"].) Accordingly, Emily was required to file her notice of appeal within 60 days thereafter, or on or before April 6. (Rule 8.104(a)(1)(A).) Because the notice of appeal was not filed until April 13, it was not timely and the appeal must be dismissed. (Rule 8.104(b); see, e.g., *City of Calexico v. Bergeson* (2021) 64 Cal.App.5th 180, 195 ["the [superior] court clerk's service of a file-endorsed copy of the September 24 ruling that included a declaration of mailing showing the date that the ruling was served triggered the sixty

7

day period to appeal contained in Rule 8.104(a)(1)(A)"]; *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 280 ["[t]he [appealable] order granting defendant's anti-SLAPP motion was filed on May 11, 2018, and the clerk served a signed, filed-endorsed copy of the ruling the same day;" "[a]ccordingly, under rule 8.104(a)(1)(A), the notice of appeal from that order had to be filed within 60 days of May 11"].)

Emily contends, however, that we should deem her April 13 notice of appeal timely because the filing "rightly commenced" following Team Health's February 12 service of the notice of entry of order. In support of her argument, she asserts her counsel was misled because: (1) the court clerk made an "error" by including in the mailed documents the "irrelevant" proof of service concerning the January 15 service of the proposed order, which "led to the predictable result" that counsel was not made aware that the court clerk's "mailing" was the "filed endorsed copy" of the February 5 order, "showing the date it was served," as required by rule 8.104(a)(1)(A); and (2) the court clerk's "error" was compounded by Team Health's later February 12 mailing of a notice of entry of order, which mailing included "all of the various prior proofs of service nested within." We see no merit to the argument.

The court clerk's mailed documents, which included a file-endorsed copy of the February 5 order, together with a proof of service showing the date the order was served, gave the requisite and unmistakable notice necessary to trigger the time to file a notice of appeal under rule 8.104(a)(1)(A). Emily does not explain how her counsel was misled by the receipt of the additional January 15 proof of service of the proposed order (a multi-page document specifically dated

8

and described), which was in no way relevant to the triggering of the time to file a notice of appeal.  Consequently, the time to file a notice of appeal cannot be deemed extended by the court clerk's mailing of the concededly irrelevant January 15 proof of service of the proposed order.  Moreover, since a notice of appeal must be filed on the "earliest" of the dates in rule 8.104(a)(1), the time to file a notice of appeal was triggered by the court clerk's service of a file-endorsed copy of the order.  Hence, the time to file a notice of appeal cannot be deemed extended by Team Health's later service of notice of entry of the same order.  (See *InSyst, Ltd. v. Applied Materials, Inc.*, *supra,* 170 Cal.App.4th at p. 1135.)

Nor are we persuaded by Emily's reliance on the circumstance that "the trial court's minutes from February 5, 2021" make no mention of service or mailing of the order.  When rule 8.104(a) is applicable, a notice of appeal must be filed within 60 days after the court clerk serves a file-endorsed copy of an appealable order, regardless of "whether or not the clerk was required to mail notice" of entry of the appealable order, "upon order of the court or otherwise."  (*Hughes v. City of Pomono* (1998) 63 Cal.App.4th 772, 776.)

The cases cited by Emily do not warrant a different outcome as this case does not represent a "doubtful" case in which the right to appeal can be accorded " 'without doing violence to applicable rules.' " (*Hollister Convalescent Hosp.*, *supra*, 15 Cal.3d at p. 674.)  Because the notice of appeal "has not in fact been filed within the relevant jurisdictional period," and the "applicable rules of construction and interpretation fail to require that it be deemed in law to have been so filed," in the absence of "statutory authorization to extend the

9

jurisdictional period," we lack "all power to consider the appeal on its merits and must dismiss." (*Ibid*.) In other words, and despite Emily's contention to the contrary, it would do "violence to applicable rules" to render invalid the court clerk's service of the file-endorsed copy of the order based on the additional service of the irrelevant proof of service of the proposed order and the later service of notice of entry of the same order.

Lastly, we see no merit to Emily's argument that the appeal should be heard on the merits because it has been fully briefed and "[t]his is not a situation in which [a party] has moved to dismiss in order to avoid the time and expense of briefing." Jurisdiction cannot be " 'conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver. [Citations]. If it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection is made.' " (*Hollister Convalescent Hosp.*, *supra*, 15 Cal.3d at pp. 666-667, quoting *Estate of Hanley*, *supra*, 23 Cal.2d at p. 123.)

As this appeal is being dismissed due to lack of jurisdiction, we do not reach the other issues raised on appeal.

## DISPOSITION

The appeal is dismissed. Each party shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Petrou, J.

WE CONCUR:

_____

Tucher, P.J.

_____

Rodríguez, J.

_A162455_

11