Filed 11/25/25  Piper v. Commission on Professional Competence CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CAMILLE PIPER,<br><br>      Plaintiff and Appellant,<br><br>  v.<br><br>COMMISSION ON PROFESSIONAL COMPETENCE,<br><br>      Defendant;<br><br>ELK GROVE UNIFIED SCHOOL DISTRICT,<br><br>      Real Party in Interest and Respondent | C101026<br><br>(Super. Ct. No. 34-2021-80003787CUWMGDS) |

The Commission on Professional Competence (the commission) upheld Camille Piper's dismissal from employment with the Elk Grove Unified School District (the district).  Piper filed a complaint and petition for administrative and traditional mandamus.  The trial court denied Piper's writ claims on the merits, sustained the district's demurrer to any non-writ causes of action, and later dismissed the non-writ

1

causes of action after Piper failed to timely amend them. Before judgment was entered, Piper filed a motion for new trial and motions for relief from judgment, which the trial court later denied.

Representing herself, Piper appeals and challenges both the judgment and the denial of one motion for relief. Because her notice of appeal does not identify or timely appeal from the judgment, we lack jurisdiction to address her challenges to the judgment. And because Piper fails to demonstrate that the trial court erred by denying her motion for relief, we affirm the trial court's order on that motion.

Statutory references are to the Code of Civil Procedure. Rule references are to the California Rules of Court.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, the district began termination proceedings against Piper, charging her with various causes for dismissal. Piper denied the charges and requested a hearing before the commission. After a 13-day hearing in which Piper represented herself, the commission found cause to dismiss Piper from employment.

Still representing herself, Piper filed a complaint for declaratory and injunctive relief and petition for administrative mandate and traditional mandate. (§§ 1094.5, 1085.) After the trial court sustained the district's demurrer to Piper's pleading with leave to amend, Piper filed a second amended pleading. She asked the court to reverse the commission decision and award her various damages, including full-time employment, back wages, sick leave, benefits, and $17 million. The district filed a second demurrer.

In October 2022, the court held hearings on the second demurrer and Piper's requests for administrative and traditional mandate. The court denied Piper's requests for administrative and traditional writ of mandate on the merits. To the extent the petition included any non-writ causes of action, the court sustained the district's demurrer on uncertainty grounds and granted leave for Piper to amend any non-writ causes of action

2

by December 6, 2022. On November 28, 2022, the court entered an interlocutory judgment in favor of the district (the November 2022 interlocutory judgment).

In February 2023, Piper filed a motion to set aside and vacate the judgment. Just over one month later, the court denied that motion as premature because it was not available for an interlocutory judgment. Piper then filed a motion for relief from judgment taken through mistake, inadvertence, surprise, and excusable neglect, citing section 473, subdivision (b).

On August 24, 2023, Piper filed a motion to renew her motion to set aside and vacate the judgment. And during the next two months, she filed a motion for leave to file a third amended petition, a motion for preliminary injunction, and a notice of intention to move for new trial.

In October 2023, the court construed the leave motion as a request to dismiss any non-writ causes of action and granted the motion. The resulting dismissal rendered the November 2022 interlocutory judgment final, giving the court jurisdiction to decide Piper's motion to set aside and vacate the judgment. The court treated that motion as being made under section 663 and denied it for failure to meet the burden of proof. The court also denied the motion for preliminary injunction for lack of an operative pleading.

In November 2023, Piper filed a motion for relief from judgment taken through mistake, inadvertence, surprise, and excusable neglect under section 473, subdivision (b) (section 473(b)), a motion for leave to file a fourth amended petition, two motions for preliminary injunction, and various documents supporting a motion for new trial. In the motion for relief from judgment filed on November 15, 2023, Piper argued she was prejudiced by lack of counsel caused by the district's unconstitutional deprivations of her property rights.

On December 7, 2023, the court entered judgment and mailed notice of that entry to Piper (the December 2023 judgment). On December 8, 2023, the court denied Piper's motion for new trial, motion for leave to file a fourth amended complaint, and motions

3

for preliminary injunction.  The court invited Piper to schedule a hearing on her November 15, 2023 motion for relief from judgment.  The court served the associated minute order on Piper the same day.

On April 4, 2024, Piper submitted a second amended notice of motion and motion for relief from judgment under section 473(b).  The court rejected filing of that document because it had not given her leave to file any documents in support of the pending motion for relief.

On April 22, 2024, the court heard and denied Piper's motion for relief from judgment.

Piper appeals.[1]  Piper filed her notice of appeal on April 23, 2024, identifying the April 22, 2024 order as the order being appealed.  The substance of her appeal largely concerns the December 2023 judgment.

## DISCUSSION

### I

### *The December 2023 Judgment*

As a threshold matter, we must determine whether we have jurisdiction to address Piper's challenges to the December 2023 judgment.[2]  We conclude we do not for two reasons.

---

[1] Piper has filed letters asking us to designate the California Commission on Teacher Credentialing (CTC) as a defendant and respondent in this case.  She contends such designation is proper because a case she filed against CTC was deemed related to this case.  Although the cases were deemed related, they were not consolidated, and Piper provides no authority for treating CTC as a defendant and respondent in this case.

Piper also asks us to remove the "real party in interest" designation for district.  We reject this request.  (§ 367; *Sonoma County Nuclear Free Zone '86 v. Superior Court* (1987) 189 Cal.App.3d 167, 173.)

[2] Because appellate jurisdiction is fairly included in every appeal, we reach the issue even where the parties have not briefed it.  (See *People v. Alice* (2007) 41 Cal.4th 668, 676; see

4

First, Piper's notice of appeal does not identify the December 2023 judgment. This is significant because " '[o]ur jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' " (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) "We have no jurisdiction over an order not mentioned in the notice of appeal." (*Ibid*.) Because Piper's notice of appeal does not identify the December 2023 judgment, we lack jurisdiction to consider this portion of her appeal.

And second, even if we liberally construed Piper's notice of appeal to include the December 2023 judgment given the district's lack of prejudice (rule 8.100(a)(2); *In re Joshua S.* (2007) 41 Cal.4th 261, 272), Piper's challenges to that judgment are untimely. " '[T]he timely filing of an appropriate notice of appeal . . . is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 670; see rule. 8.104(b).) In the absence of statutory authorization, the appellate courts may not extend the time to appeal, even to relieve " 'mistake, inadvertence, accident, or misfortune.' " (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1049.)

Under rule 8.104(a), Piper was required to file her notice of appeal on or before "60 days after the superior court clerk serve[d] on [her] a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served." The superior court clerk mailed the Notice of Entry of judgment on Piper on December 7, 2023, making an appeal from the judgment due by February 5, 2024. (See *InSyst, Ltd. v. Applied Materials, Inc.* (2009) 170 Cal.App.4th 1129, 1134 [60 days begins on the date of mailing].) Piper filed her notice of appeal on April 23, 2024, rendering it untimely under rule 8.104(a).

---

also *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 849 [court must raise timeliness of appeal sua sponte].)

The question then becomes whether Piper filed her appeal within an extended deadline provided by rule 8.108. As relevant here, that rule extends the time for filing a notice of appeal upon the filing of a valid notice of intention to move for a new trial or a valid motion to vacate the judgment. (Rule 8.108(a) & (b).) Here, Piper filed a motion for new trial and three motions to vacate the judgment, but none save her effort to appeal the December 2023 judgment. (See *Matera v. McLeod* (2006) 145 Cal.App.4th 44, 56 [motion for relief from judgment under section 473 constitutes a motion to vacate the judgment under rule 8.108].)

As to her new trial motion, the time to appeal from the judgment was extended to the *earliest* of: "(A) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment." (Rule 8.108(b)(1).) The trial court served the order denying Piper's motion for new trial on December 8, 2023, making her appeal of the December 2023 judgment due sooner than under rule 8.104. Because rule 8.108 does not shorten the time to appeal, the new trial motion does not assist her. (Rule 8.108(a).)

As to her motions to vacate, assuming they were valid motions under rule 8.108(c), the time to appeal was extended to the *earliest* of: "(1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move – or motion – is filed; or [¶] (3) 180 days after entry of judgment." Piper filed the motion to set aside and vacate on August 24, 2023 and the motion for relief from judgment on November 15, 2023. The earliest of the three possible dates provided in rule 8.108(c) was November 22, 2023, as to the motion to set aside and vacate and February 13, 2024 as to the motion for relief. But Piper did not file her notice of appeal until April 23, 2024. Even if we treat these motions as being filed immediately after the entry of the December 2023 judgment, her time to file an appeal expired on March 7, 2024. Piper's second motion for

6

relief from judgment submitted on April 4, 2024, fares no better. This was not the "first" motion to vacate and it wasn't filed within the time prescribed to appeal from the judgment, which in this case was February 5, 2024. (Rule 8.108(c); rule 8.104(a)(1).)

For these reasons, we lack jurisdiction to consider Piper's challenges to the December 2023 judgment. (*Hollister Convalescent Hospital, Inc. v. Rico, supra*, 15 Cal.3d at pp. 666-667 [if the appeal is untimely, we lack discretion to consider it even if no objection is made].) And we deny as moot district's motion to strike portions of Piper's reply brief.

## II

### *The April 22, 2024 Order*

This leaves Piper's challenge to the order denying her motion for relief under section 473(b), a separately appealable order. (§ 904.1, subd. (a)(2); *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1265-1266.) Piper contends the trial court erroneously denied the motion because it misunderstood her self-representation issue. We disagree.

Piper contends she made various prejudicial mistakes because she was self-represented, but she insists she never chose to be self-represented. Instead, in her view, self-representation was forced on her when the district improperly took away her income. Piper's contention misses the mark. Any mistakes she made during the commission hearing and trial court proceedings due to her lack of legal training do not qualify as mistakes under section 473. (*Goodson v. Bogerts, Inc.* (1967) 252 Cal.App.2d 32, 40 ["any alleged ignorance of legal matters or failure to properly represent [oneself] can hardly constitute 'mistake, inadvertence, surprise[,] or excusable neglect' as those terms are used in section 473"]; see also *Borror v. Department of Investment* (1971) 15 Cal.App.3d 531, 543 [inability to afford counsel in a disciplinary administrative proceeding does not equate to absence of due process].) And whether self-representation was improperly forced on Piper goes to the merits of the December 2023 judgment.

7

Because this issue goes beyond the scope of section 473(b) relief, the trial court properly denied Piper's motion.

DISPOSITION

The April 22, 2024 order denying Piper's motion for relief is affirmed. The district shall recover its costs on appeal. (Rule 8.278(a)(1), (2).)

 

 

/s/_____
MESIWALA, J.

 

We concur:

 

/s/_____
HULL, Acting P. J.

 

/s/_____
RENNER, J.