[No. F055729. Fifth Dist. Feb. 22, 2010.]

MOHANI THIARA et al., Plaintiffs and Respondents, v.
PACIFIC COAST KHALSA DIWAN SOCIETY et al., Defendants and
Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II. and III. of the Discussion.

COUNSEL

Curtis & Arata, Arata, Swingle, Sodhi & Van Egmond, Jakrun S. Sodhi and Jineen T. Espinosa for Defendants and Appellants.

Cooper, White & Cooper, Stephen D. Kaus and Mark P. Cohen for Plaintiffs and Respondents.

OPINION

**HILL, J.**—Respondents sought a writ of mandate compelling appellants, a nonprofit religious corporation and its officers, to permit them to inspect the corporation's membership list, books, and records, based on respondents' claim they were members of the corporation. Appellants denied that respondents were members of the corporation, asserting the corporation has no members and the bylaws pursuant to which respondents claimed they were members were not the valid bylaws of the corporation. The court concluded respondents were members of the corporation and granted the petition for a writ of mandate, placing conditions on the disclosure of the requested information. In this appeal, appellants contend there was no substantial evidence to support the conclusions that the bylaws presented were valid and that respondents were members of the corporation. We agree and reverse.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Respondents are five individuals who allege they are members of appellant, Pacific Coast Khalsa Diwan Society, Sikh Temple Livingston California, Inc.

(the Temple), a nonprofit religious corporation. The individual appellants are the president and secretary of the Temple. Respondents filed a petition for writ of mandate, which included a second cause of action for declaratory relief. The petition alleges that, pursuant to Corporations Code sections 9510 through 9512,[1] which apply to religious corporations, respondents, as members of the Temple, are entitled to inspect and copy certain books and records of the Temple. Respondents allege they requested an opportunity to inspect and copy those records, but appellants refused that request. Pursuant to section 9514, appellants' petition requests a writ of mandate to enforce their right of inspection. The declaratory relief cause of action alleges the existence of a dispute between the parties regarding whether the bylaws of the Temple, which respondents alleged were attached to the petition as exhibit A (Exhibit A bylaws), are the valid and existing bylaws governing the Temple; respondents sought a judicial declaration that the Exhibit A bylaws are the valid current bylaws of the Temple.

After appellants answered the petition, the court issued an alternative writ, directing appellants to appear and show cause why a peremptory writ of mandate should not issue requiring appellants to permit the requested inspection and copying. Appellants filed opposition to the petition. After hearing the matter, the court issued its judgment and order after hearing granting peremptory writ (judgment) on April 25, 2008, granting the application for a writ of mandate, but placing restrictions on the copying, inspection and use of the records. On July 17, 2008, appellants filed their notice of appeal. On September 29, 2008, this court notified the parties it was considering dismissing the appeal as untimely, and requested briefing by the parties on the issue of timeliness. The parties have addressed the issue in letter briefs. We now consider whether the notice of appeal was filed timely and whether the order appealed from is appealable, before turning to the merits of respondents' appeal.

## *DISCUSSION*

### I. *Timeliness of Notice of Appeal*

█ Generally, "a notice of appeal must be filed on or before the earliest of: [¶] (1) 60 days after the superior court clerk mails the party filing the

---

[1] All further statutory references are to the Corporations Code, unless otherwise indicated.

notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was mailed; [¶] (2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, *accompanied by proof of service*; or [¶] (3) 180 days after entry of judgment." (Cal. Rules of Court, former rule 8.104(a), italics added.)[2]

There is nothing in the record to indicate the clerk mailed notice of entry of the judgment to the parties; accordingly, former rule 8.104(a)(1) does not apply. Respondents' attorney mailed a copy of the judgment to appellants' counsel on May 1, 2008, along with a cover letter advising that it had been signed by the court on April 25, 2008. No proof of service was included in that mailing. The record contains a proof of service, executed on July 3, 2008, which states that respondents' counsel served the judgment on appellants' counsel on May 1, 2008.

Appellants contend the May 1, 2008, mailing did not comply with rule 8.104(a)(2) because it was not "accompanied by proof of service." Consequently, they contend, respondents did not serve a notice of entry or a file-stamped copy of the judgment on appellants' attorney in compliance with rule 8.104(a)(2), so the applicable time for filing the notice of appeal is that set out in rule 8.104(a)(3): 180 days from entry of judgment. The notice of appeal was filed within that time, and appellants contend it was timely.

Respondents concede no proof of service was mailed to appellants with the May 1 letter, but contend the cover letter accomplished the same purpose by establishing the date the copy of the judgment was served. Thus, they argue, the 60-day period for filing a notice of appeal commenced on May 1, 2008; the notice of appeal was not filed within 60 days, it was therefore untimely, and the appeal should be dismissed.

■ "The ordinary principles of statutory construction govern our interpretation of the California Rules of Court. [Citations.] Our objective is to determine the drafter's intent." (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902 [55 Cal.Rptr.3d 534, 152 P.3d 1109] (*Alan*).) "Intent is determined first and foremost by the plain meaning of the statute's language." (*Citizens for Civic Accountability v. Town of Danville* (2008) 167

---

[2] All further references to rules are to the California Rules of Court, unless otherwise indicated.

Cal.App.4th 1158, 1161 [84 Cal.Rptr.3d 684] (*Citizens*).) If the rule's language is clear and unambiguous, it governs, and there is no need for judicial construction. (*Alan, supra*, at p. 902; *Citizens, supra*, at pp. 1161–1162.) Only when the language is reasonably susceptible of more than one meaning is judicial construction warranted. (*Citizens*, at p. 1162.) A construction making some words surplusage is to be avoided. (*Metcalf v. County of San Joaquin* (2008) 42 Cal.4th 1121, 1135 [72 Cal.Rptr.3d 382, 176 P.3d 654].)

■ The meaning of rule 8.104(a)(2) is clear and unambiguous. In order to commence the 60-day period for filing a notice of appeal, a party must serve "a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service." (Rule 8.104(a)(2).) We cannot interpret the rule as permitting the 60-day time period to commence upon service of a notice of entry or file-stamped copy of the judgment unaccompanied by a proof of service without rendering the words requiring a proof of service surplusage, a result to be avoided. The requirement of a proof of service was added to the rule for a specific purpose. "Subdivision (a)(2) requires that a notice of entry of judgment (or a copy of the judgment) served by or on a party be accompanied by proof of service. The proof of service establishes the date that the 60-day period under subdivision (a)(2) begins to run. Although the general rule on service (rule 8.25(a)) requires proof of service for all documents served by parties, the requirement is reiterated here because of the serious consequence of a failure to file a timely notice of appeal [citation]." (Advisory Com. com. foll. rule 8.104.)

■ "An additional principle of construction applies when courts are called upon to resolve ambiguities in rules that limit the right to appeal, such as rule 8.104(a)(1). In such cases we follow the well-established policy . . . of 'according [the] right [to appeal] in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' [Citation.] This principle has led courts interpreting rule 8.104(a)(1) and its predecessors to hold that documents mailed by the clerk do not trigger the 60-day period for filing a notice of appeal unless the documents strictly comply with the rule." (*Alan, supra*, 40 Cal.4th at p. 902.) Similarly, a notice of entry or file-stamped copy of a judgment served by a party will not trigger the 60-day period unless it strictly complies with the provisions of rule 8.104(a)(2), including the requirement that it be accompanied by proof of service.

■ Proof of service by mail requires an affidavit or certificate setting forth specified information, including the date and place of mailing. (Code Civ. Proc., § 1013a, subds. (1), (2), (3).) While the cover letter respondents' attorney sent with the copy of the judgment may have borne a date, it did not state for appellants under oath the date on which the judgment was placed in the mail for service on appellants. In *Alan*, the court clerk mailed to each

party in a single envelope a file-stamped statement of decision and a minute order (not file-stamped) entitled "Ruling on Submitted Matter." (*Alan, supra,* 40 Cal.4th at p. 898.) The court concluded neither document was " 'a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment,' " as described in former rule 8.104(a)(1). (*Alan,* at p. 904.) It further concluded the two documents combined did not satisfy the rule; rather, the rule required a single document, a notice of entry or file-stamped copy of the judgment, sufficient in itself to satisfy all of the rule's conditions. (*Id.* at p. 905.) The court added: "[T]he rule does not require litigants to glean the required information from multiple documents or to guess, at their peril, whether such documents in combination trigger the duty to file a notice of appeal. 'Neither parties nor appellate courts should be required to speculate about jurisdictional time limits.' [Citation.]" (*Ibid.*)

We do not believe a party should be required to speculate whether a cover letter accompanied by a copy of a judgment mailed to the party's attorney was intended to or did constitute a " 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service," sufficient to commence the running of the time for filing a notice of appeal under rule 8.104(a)(2). Strict compliance with the provisions of the rule is required. Because the copy of the judgment respondents mailed to appellants on May 1, 2008, was not accompanied by a proof of service, it did not comply with rule 8.104(a)(2) and did not commence the 60-day period for filing a notice of appeal. Service of a proof of service on July 3, 2008, reflecting a service date of May 1, 2008, did not cure the defect or begin the running of the 60-day period. The July 3, 2008, proof of service did not accompany a notice of entry of judgment or file-stamped copy of the judgment. Thus, respondents did not serve any document on appellants that commenced the running of the 60-day period under rule 8.104(a)(2). Because neither the court clerk nor a party served a document that complied with former rule 8.104(a)(1) or rule 8.104(a)(2), appellants were required to file their notice of appeal within 180 days after entry of judgment, as specified in rule 8.104(a)(3). Judgment was entered on April 25, 2008. Appellants' notice of appeal was filed timely on July 17, 2008.

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 51.

## *DISPOSITION*

The judgment is reversed. Appellants are awarded their costs on appeal.

Cornell, Acting P. J., and Poochigian, J., concurred.