Filed 4/22/13  Hellwig v. Hammer CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KAREN HELLWIG, Trustee for Kathleen Ketcham Trust,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>HERBERT B. HAMMER,<br><br>      Defendant and Appellant. | B235124<br><br>(Los Angeles County<br>Super. Ct. No. YS022030) |

APPEAL from an order of the Superior Court of Los Angeles County. Marion Johnson, Judge.  Affirmed.

Herbert B. Hammer, in pro. per., for Defendant and Appellant.

Karen Ketcham Hellwig, in pro. per., for Plaintiff and Respondent.

_____

In this appeal from a restraining order, our affirmance is compelled without reaching the merits of the challenged order.  The record on appeal contains the order and the notice of appeal, but nothing showing the grounds on which the order was sought, nothing showing the evidence supporting the order, and nothing showing the grounds on which the trial court relied in granting the order.

The appellant's presentation in this court more resembles an affidavit of facts and denials than an appellate brief.  It contains no citations to the record or to the law, and it identifies nothing constituting error on the face of the record.  Respondent's brief, and the appellant's late-filed reply, too, offer a narrative version of assertedly relevant facts.  We therefore address only the issues that appear from the meager record.

## BACKGROUND

On March 9, 2011, the superior court granted a restraining order against appellant Herbert B. Hammer, including personal conduct orders, stay-away orders, and a no-gun order.  The personal conduct orders restrain Mr. Hammer for three years from physically or financially abusing, intimidating, molesting, attacking, assaulting (sexually or otherwise), hitting, following, stalking, threatening, harassing, destroying personal property, keeping under surveillance, or blocking movements of  Kathleen T. Ketcham.  The stay-away orders require Mr. Hammer to stay at least 100 yards from Ms. Ketcham and her vehicle.  The no-gun order prohibits Mr. Hammer's ownership or possession of a firearm.[1]

## APPEALABILITY OF THE RESTRAINING ORDER

Mr. Hammer filed his notice of appeal from the order, and his designation of the record on appeal, on August 5, 2011.  The notice of appeal identifies the order from which the appeal is taken as an "order after judgment under Code of Civil Procedure section 904.1(a)(2)," entered March 9, 2011.  However, only one order or judgment is

---

[1] The restraining order purports to be signed by Marion Johnson, Judge of the Los Angeles Superior Court, and the minute order reciting its entry identifies Honorable Marion Johnson as the judge.  For reasons that are unclear, the superior court docket and the parties' briefs identify the Honorable Susan Weiss as the presiding judge.

identified in the designation of record, and contained in the record on appeal: the March 9, 2011 "Order After Hearing Restraining Elder Or Dependent Adult Abuse," and the minute order of the same date granting and entering that order. The March 9, 2011 order is appealable as an order granting an injunction, despite its misidentification in the notice of appeal. (Code Civ. Proc., § 904.1, subd. (a)(6); *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 187 [civil harassment restraining order is appealable order].)[2]

## TIMELINESS OF THE APPEAL

Because the record contains no indication that Mr. Hammer was served with either a file-stamped copy of the March 9, 2011 order, or a document entitled "Notice of Entry" of that order, his notice of appeal filed within 180 days of the order is timely. (Cal. Rules of Court, rule 8.104(a)(1); *Thiara v. Pacific Coast Khalsa Diwan Society* (2010) 182 Cal.App.4th 51, 56, 58.)[3]

## THE ORDER MUST BE AFFIRMED

As noted above, nothing in the record on appeal provides us with a basis for any conclusions about the grounds or justifications for the challenged order, or for any review of the trial court's exercise of discretion in entering it. (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69 [standard of review for restraining order is abuse of discretion].)

---

[2] Respondent has provided this court with an uncertified copy of a document purporting to be a certificate of her mother's death in December 2012, while this appeal was pending, and she has asked that we dismiss the appeal on that ground. We decline to address whether the death of the order's subject renders the appeal entirely moot, and deny her dismissal request, in light of the challenged order's inclusion of at least one provision—barring ownership or possession of a gun—that could arguably remain effective after Ms. Ketcham's death.

[3] The order is on a Judicial Council mandatory form (EA-130), which recites that Ms. Ketcham and Mr. Hammer "were at the hearing or agreed in writing to this order. No other proof of service is needed." Even if no other proof of service is required in order to compel the parties' compliance with the order, the form's implication that no formal proof of service is needed in order to trigger the time for an appeal from the order is misleading at best, and should be revised. (See *Johnson v. Ralph's Grocery Co.* (2012) 204 Cal.App.4th 1097, 1102, fn. 5 [mere knowledge of order does not trigger 60-day period to file notice of appeal under Cal. Rules of Court, rule 8.104(a)].)

3

Mr. Hammer's brief contends that Ms. Ketcham, the 93-year-old subject of the restraining order, was not severely mentally or physically impaired, and that he and Ms. Ketcham had a longstanding loving relationship, which Ms. Ketcham's daughter, Ms. Hellwig, did not approve or understand. The respondent's brief paints a very different picture. Neither of these documents, however, makes reference to any facts in the record; and neither relies on any cognizable legal theory.

The trial court had the parties before it, took evidence, and concluded that the restraining orders were appropriate. We have no basis on which to conclude otherwise. On that ground, we reject Mr. Hammer's appeal and affirm the trial court's orders. (*In re Valerie A.* (2007) 152 Cal.App.4th 987, 1002-1003 [Because appellate court was not provided with record of trial court proceeding, "we cannot knowledgeably rule on the merits of this issue, and we consider the claim abandoned."].)[4]

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

MALLANO, P. J.

JOHNSON, J.

---

[4] Ms. Hellwig apparently brought the action in the trial court, and is purportedly the daughter of Ms. Ketcham, with a power of attorney to make health-care decisions on her mother's behalf. The record on appeal is inadequate to justify any determination whether she can appropriately appear in pro. per. in this appeal; however, the outcome of the appeal would be unchanged with or without her respondent's answering brief and her appearance in this court. For that reason, we decline to address the issue.