Filed 3/26/14  Certified for publication 4/10/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of GINA and AUGUSTIN A. LIN.<br><br>GINA S. LIN,<br><br>　　Respondent,<br><br>　　　　v.<br><br>AUGUSTIN A. LIN,<br><br>　　Appellant. | G049307<br><br>(Super. Ct. No. 10D001389)<br><br>O P I N I O N |

　　　　　Motion to dismiss the appeal from an order of the Superior Court of Orange County, Ronald P. Kreber, Judge.  Motion denied.

　　　　　Honey Kessler Amado for Appellant.

　　　　　Law Offices of Brian G. Saylin and Brian G. Saylin; Phillips, Whisnant, Gazin, Gorczyca & Curtin, Gary S. Gorczyca and Daniel Gorczyca for Respondent.

THE COURT:[*]

There are no unique jurisdictional time limits for appeals from domestic violence restraining orders. As with other appeals, there is a 60-day time limit for restraining orders which are properly served, either through a notice of entry of judgment, or through service by the clerk or party of a file-stamped copy of the order. (Cal. Rules of Court, rule 8.104(a).) Otherwise, the outside 180-day filing limit applies.

Because the court record does not facially establish service of the domestic violence restraining order upon the restrained party, we apply the outside 180-day limit to his appeal. While the restrained party's personal presence in the courtroom at the time the restraining order was issued may make it easier to enforce the restraining order against him, it does not shorten the time limits for filing a notice of appeal.

I

Gina Lin (hereafter Respondent) and Augustin Lin (hereafter Appellant) are involved in marital dissolution proceedings.

On July 19, 2013, the trial court issued a domestic violence restraining order in favor of Respondent and against Appellant. Appellant and his counsel were personally present in the courtroom for the hearing on the domestic violence restraining order. Neither Respondent nor the court clerk served a document entitled "Notice of Entry" of the restraining order or a file-stamped copy of the judgment, showing the date either was served.

On November 15, 2013, Appellant filed a notice of appeal from the domestic violence restraining order. Appellant's notice of appeal was filed 119 days after the restraining order was filed.

Respondent filed a motion to dismiss the appeal as untimely because Appellant did not file it within 60 days. Respondent contends that the shorter 60-day

---

[*] Before O'Leary, P. J., Bedsworth, J., and Moore, J.

2

time limit applies rather than the 180-day outside limit because Appellant was present at the hearing, and the Judicial Council form (DV-130) provides that a restrained person is considered "served" when so present.

Appellant similarly asked us to issue an early ruling on timeliness rather than address the issue following briefing on the merits. "Such early determination will save judicial resources by not requiring a review of the substantive issues if the Court is without jurisdiction to proceed and will save the parties' financial resources if they need not prepare briefs on the merits of the appeal."

Respondent filed a supplemental brief in which she attached a declaration from the deputy superior court clerk in the department that issued the restraining order. The deputy clerk declared that she prepared a corrected version of the restraining order and "I then handed the restraining order after hearing . . . to [Appellant's trial counsel.] I do not recall if [Appellant] was in the courtroom at the time I handed it to [Appellant's trial counsel.]"

Appellant contends the clerk's post-facto declaration neither triggers nor justifies the shorter 60-day filing period.

II

Because appellate time limits are jurisdictional and cut off litigants' access to the courts, we strictly construe statutes and rules concerning the time in which to file a notice of appeal. (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902 (*Alan*).) "On numerous occasions, California courts have resolved ambiguities concerning appellate jurisdictional time limits to extend, rather than limit, the right to appeal, even where such interpretations may be considered hypertechnical in other contexts." (*In re Marriage of Mosley* (2010) 190 Cal.App.4th 1096, 1103 (*Mosley*).) Rules that measure jurisdictional time limits "must stand by themselves without embroidery." (*20th Century Ins. Co. v. Superior Court* (1994) 28 Cal.App.4th 666, 672.)

3

Under the court rules, a notice of appeal must be filed within 60 days after service (whether by the superior court clerk or by a party) of a notice of entry of judgment or a file-stamped copy of the judgment.  The triggering document must show the date on which it was served.  (Cal. Rules of Court, rule 8.104(a)(1).)

If there is no notice, the notice of appeal must be filed within 180 days after entry of the judgment.  (Cal. Rules of Court, rule 8.104(a)(1)(C).)  "This outside time limit is jurisdictional and cannot be extended, even if notice was not given.  Appellants have a maximum of 180 days to come to a judgment, and cannot wait for a judgment to come to them."  (*Mosley, supra,* 190 Cal.App.4th at p. 1099.)

Without dispute, neither the superior court clerk nor Respondent served a file-stamped copy of the domestic violence restraining order in the manner required by California Rules of Court, rule 8.104(a)(1)(A) or rule 8.104(a)(1)(B).  Under the rule's plain language, the shorter 60-day filing period therefore does not come into play.

In *Alan*, *supra*, 40 Cal.4th 894, our Supreme Court declined to apply the 60-day rule to a situation where the superior court clerk simultaneously mailed two separate documents that together provided written notice of a decision, but that singly fell short of the statutory requirements.  The Supreme Court refused to adopt a construction requiring litigants "to glean the required information from multiple documents or to guess, at their peril, whether such documents in combination trigger the duty to file a notice of appeal."  (*Id.* at p. 905.)  "Neither parties nor appellate courts should be required to speculate about jurisdictional time limits."  (*Ibid.*)

Respondent relies instead upon a statutory provision in the Family Code that does away with the need to personally serve restraining orders upon restrained parties who are personally present in the courtroom when such orders are issued.  Family Code section 6384, subdivision (a) provides:  "If a [restrained party] named in an order issued under this part after a hearing has not been served personally with the order but has received actual notice of the existence and substance of the order through personal

4

appearance in court to hear the terms of the order from the court, no additional proof of service is required for enforcement of the order."

This provision may obviate the need for service of an order for purposes of enforceability, but it has no impact upon the service requirement to shorten the time for appealability from 180 days to 60 days. There is nothing in the pertinent court rules to support Respondent's interpretation that Appellant somehow "waived" his right to appeal the domestic violence restraining order simply because he received actual notice of the trial court's ruling.

Indeed, the court rules expressly provide that a party's waiver of notice of ruling does not automatically trigger the shorter 60-day jurisdictional time limits for filing notices of appeal, even where the party's waiver of notice occurs in open court and is entered into the minutes, as allowed under Code of Civil Procedure section 1019.5. Notwithstanding the statutory waiver of notice, the prevailing party still must comply with the service provisions in the court rules in order to shorten the appeals period from 180 days to 60 days. (Cal. Rules of Court, rule 8.104(a)(3); see also *E.M. v. Los Angeles Unified School Dist.* (2011) 194 Cal.App.4th 736, 744.)

In *Thiara v. Pacific Coast Khalsa Diwan Society* (2010) 182 Cal.App.4th 51, the respondents sought to dismiss an appeal based on the running of the 60-day time limit because they mailed a copy of the judgment to appellant with a cover letter, but without a proof of service. They argued the cover letter accomplished the same purposes as a proof of service and therefore should trigger the 60-day period. The Court of Appeal disagreed, refusing to disregard the clear and unambiguous requirement in the court rules for a proof of service, which proof could not be waived. "We do not believe a party should be required to speculate whether a cover letter accompanied by a copy of a judgment mailed to the party's attorney was intended to or did constitute a '"Notice of Entry" of judgment or a file-stamped copy of the judgment, accompanied by proof of

5

service,' sufficient to commence the running of the time for filing a notice of appeal under rule 8.104(a)(2)." (*Id.* at p. 58.)

As in *Thiara,* the deputy clerk's declaration regarding service, which was not filed until this court was considering Respondent's motion to dismiss, changes nothing. Under the court rules, the deputy clerk's proof of service triggers the *start* of the 60-day filing period when it accompanies a file-stamped copy of the judgment; it cannot be used after the fact to show that the 60-day period already has run. "Strict compliance with the provisions of the rule is required." (*Thiara, supra,* 182 Cal.App.4th at p. 58.) According to the Advisory Committee comment, "The proof of service establishes the date that the 60-day period under subdivision (a)(1)(A) *begins to run*." (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2014 supp.) foll. rule 8.104(a), p. 257, italics added.)

DISPOSITION

The motion to dismiss is denied.

6

Filed 4/10/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of GINA and AUGUSTIN A. LIN. | |
| GINA S. LIN, | G049307 |
| Respondent, | (Super. Ct. No. 10D001389) |
| v. | O R D E R |
| AUGUSTIN A. LIN, | |
| Appellant. | |

THE COURT:

Appellant has requested that our opinion, filed on March 26, 2014, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.


O'LEARY, P. J.


BEDSWORTH, J.


MOORE, J.