Filed 2/14/22 Byron v. McCray CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| KRISTINE BYRON, Plaintiff and Respondent, v. RENE MCCRAY, Defendant and Appellant. | B306599 (Los Angeles County Super. Ct. No. 18CHRO01083) |

APPEAL from an order of the Superior Court of Los Angeles County, Jonathan L. Rosenbloom, Judge.  Affirmed.

Law Offices of Majd & Associates, Farbood Majd and Daniel De Soto for Defendant and Appellant.

The Reape-Rickett Law Firm and Melanie Gardner-Pawlak for Plaintiff and Respondent.

—————————————————————

After Kristine Byron obtained a civil harassment restraining order against Rene McCray, Byron sought attorney fees exceeding $85,000 as the prevailing party. The trial court denied the motion without prejudice as untimely. Byron then moved to set aside that order and to extend the time to file a (renewed) fees motion. The court granted Byron's motion in its entirety. McCray appealed. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The Restraining Order, Byron's Request for Attorney Fees and McCray's Opposition*

On March 26, 2019 the trial court granted Byron's petition for a civil harassment restraining order against McCray.[1] A completed Judicial Council of California form CH-130 was used for the restraining order signed by the court and file-stamped that same day.

On September 25, 2019 Byron filed a request for order seeking a total of $88,159 in attorney fees and costs[2] and attaching a motion dated September 24, 2019 that explained she sought attorney fees as the prevailing party pursuant to Code of Civil Procedure section 527.6, subdivision (s).[3] McCray filed an

---

[1] This court affirmed the March 26, 2019 order granting Byron's petition in a nonpublished opinion. (*Byron v. McCray* (Sept. 18, 2020, B297234).)

[2] Byron's September 25, 2019 request for attorney fees and costs and attached motion did not include any fees and costs related to McCray's unsuccessful appeal of the civil harassment restraining order, which were the subject of a separately filed request.

[3] Statutory references are to this code.

opposition that challenged Byron's attorney fees motion on various grounds other than untimeliness.

>2. *The Hearing on Byron's Request for Attorney Fees and the Court's November 22, 2019 Order Denying Byron's Attorney Fees Motion*

On November 22, 2019 the trial court heard Byron's attorney fees request. McCray's attorney argued the motion was untimely under California Rules of Court, rules 3.1702 and 8.104[4] because it was filed September 25, two days after September 23, the 180-day deadline.[5] Byron's attorney objected on the ground McCray had failed to raise the timeliness issue in his opposition and thus had forfeited it. She also told the court she did not believe the motion was untimely but said she would need a few minutes to perform the necessary calculations, as well as time to review the rules mentioned by McCray's attorney in his oral argument. She added she would perform those activities over the lunch hour if instructed by the court.

The court stated its tentative ruling was to award the attorney fees requested and told Byron's counsel, "So aside from the threshold issue of the timing on this, which, as I think about

---

Section 527.6, which authorizes a person suffering harassment to seek a temporary restraining order and an order after hearing prohibiting harassment, provides, at subdivision (s), "The prevailing party in an action brought pursuant to this section may be awarded court costs and attorney's fees, if any."

[4]  References to rules are to the California Rules of Court.

[5]  McCray's attorney explained 180 days from March 26, 2019 was September 22, 2019, a Sunday, so Byron had until September 23 to file her motion.

it, you, your remedy would be under 473." Explaining it believed Byron's requested fees were reasonably incurred and there were no improper charges, the court said, "So the court will grant Ms. Byron's request for $85,140 in attorney[] fees plus costs of $319, and for Ms. Byron's time today, fees in the amount of $1,575." McCray's counsel asked the court if it wished to address the timeliness issue. The court stated, "just to avoid another appeal," that it did not find McCray had forfeited the argument for failure to raise the issue in his opposition and allowed Byron's counsel to use the lunch recess to perform calculations and to review the governing rules.

When the court reconvened, Byron's counsel told the court she believed she had made a mistake in her calculation and McCray's counsel was correct that her motion had been filed two days beyond the 180th day. She said, however, she had been working on her phone during the break because there had been insufficient time to return to her office and she was "not a hundred percent certain" rule 3.1702 was the governing authority. She further stated rule 3.1702(d) authorized the court for good cause to extend the time limit for filing a motion for fees and requested the court extend the deadline by two days "for good cause based on counsel's calculation mistake" or to grant her leave to bring a motion that same day for the extension.

McCray's counsel responded that, during the break, he had the opportunity to review the pertinent rules further and argued the applicable deadline under rule 8.104(a)(1) was 60 days, not 180 days. He also asserted, regardless of the length of time by which Byron was late, whether by two days or four months,

4

Byron first had to file and obtain a ruling on a section 473 motion before moving for an extension.

The court stated it agreed with McCray's counsel that it could not rule on a section 473 motion until the motion had been filed, but said it did not think it was prohibited from granting an extension before a section 473 motion was on file. McCray's counsel argued to the contrary, asserting a motion filed after the deadline "automatically and categorically needs to be denied." Byron's counsel stated she "would have to brief [the issue] myself" and again asked the court why McCray had not forfeited his timeliness argument. The court explained that it wanted to do its own research, reach the legally correct decision and avoid another appeal.

At the conclusion of the hearing the court denied Byron's motion for attorney fees on the ground of untimeliness, pursuant to rule 3.1702. It emphasized its denial was "without prejudice" and stated, "We'll look forward to the next step in this matter."[6]

3. *Byron's January 27, 2020 Motion To Set Aside the November 22, 2019 Order and To Extend Time*

On January 27, 2020 Byron moved to set aside, pursuant to section 473, subdivision (b), the November 22, 2019 order denying her motion for attorney fees, and to extend the time, pursuant to

---

[6] The November 22, 2019 minute order stated, "[T]he Court denies the Petitioner's Request for Order without prejudice, pursuant to California Rule of Court 3.1702." We augment the record on our own motion, pursuant to rule 8.155(a)(1)(A), to include that minute order, which was not identified in McCray's designation of record on appeal.

rule 3.1702(d), to file a (renewed) motion for attorney fees.[7]  In support of the motion, which was based on her counsel's excusable mistake and lack of prejudice to McCray, Byron attached her counsel's declaration in which her attorney explained that she thought she had filed on the last day of the six-month deadline and had needed time during the lunch recess on November 22, 2019 to "double check" her calculations.  During that lunch break, she continued, she learned rules 8.104 and 3.1702 were the relevant provisions.  She asserted, "One would have to be knowledgeable in appellate law" to be aware the 60-day deadline for filing a notice of appeal applied to attorney fees motions.

Byron's attorney explained, although she did not do any appellate work, she had been practicing law for about 20 years, was well-versed in a multitude of litigation deadlines, had "been practicing so long that many statutes and deadlines [she had] committed to memory," was apprised of legal developments by regularly attending continuing education events and routinely reading Los Angeles County Bar Association bulletins, and, based on her 20 years of experience, had mistakenly believed the relevant deadline was six months, or 180 days, rather than 60 days.  She pointed out it was only after the parties had returned from lunch that McCray's counsel for the first time argued the deadline was 60 days, and she asserted McCray's failure to raise earlier the applicability of the 60-day deadline and his having argued untimeliness based on the six-month (180-

---

[7]      Byron's attorney's declaration in support of Byron's January 27, 2020 motion attached a copy of the September 24, 2019 attorney fees motion and explained the fees motion was "ready to be filed with the Court again."

6

day) deadline prior to the lunch break showed even McCray's counsel had previously been unaware the deadline was 60 days.

Byron's attorney averred she had also realized during the lunch break she had, "in any event," miscalculated the six-month (180-day) deadline by two days. She further explained she had previously calendared what she had at the time believed to be the correct deadline and had filed the attorney fees motion on the calendared date. She had not filed the fees motion immediately after issuance of the restraining order because she had been devoting significant time coordinating the medical visits, hospitalization and general care of her aging parents, who had been experiencing serious health issues at the time, and thus had to prioritize work on her cases based on urgency.

McCray filed an opposition to Byron's motion to set aside order and for an extension. He argued the mandatory provision of section 473, subdivision (b), did not apply, and the court should not exercise its discretion to grant Byron's motion under the statute's discretionary provision because Byron's attorney's mistake of law was inexcusable. He asserted discretionary relief under section 473 was typically denied where a mistake of law resulted from professional incompetence. He also argued, although an honest mistake of law was a valid ground for relief under rule 3.1702(d) when the legal problem was complex and debatable, the issue of the proper filing date was neither and Byron's attorney had failed to take any time to ascertain the correct law.

4. *The Hearing on Byron's January 27, 2020 Motion and the Superior Court's April 20, 2020 Order*

At the March 10, 2020 hearing on Byron's motion to set aside the November 22, 2019 order and to extend time, the court

raised the issue "whether it [was] the six-month statute or the 60-day statute that applie[d]" and whether "there [was] agreement that the attorneys' fees motion should have been brought within 60 days rather than six months." Byron's attorney told the court she believed, based on her research, the attorney fees motion should have been brought within 60 days rather than six months. She also stated she believed McCray's counsel was correct that the mandatory (as opposed to discretionary) provision of section 473 only pertained to default judgments and did not apply to the case at bar. In discussing discretionary relief under section 473, the court asked Byron's attorney if granting "this . . . basically puts your client in the position of having her motion for attorneys' fees back on calendar to be considered," and Byron's counsel replied in the affirmative.

After hearing oral argument the court indicated its intent to grant Byron's motion based on section 473 and rule 3.1702(d), and read aloud Byron's proposed order granting the motion. McCray's counsel stated Byron's proposed order was not acceptable and provided the following explanation: "Basically the content of this order does not reflect or does not accurately reflect what the motion was about. This motion was basically based on . . . [section] 473 and the statute [*sic*] of 3.1702, which is to allow the counsel to file for another attorneys' fees, to file the attorneys' fees motion, which is another noticed motion. . . . [T]he proposed order, it says, the motion to set aside order denying the motion for attorneys' fees. That ruling stands the way it was, your Honor. So it is not, this is not a motion before the court to set aside your denial back in November 22, 2019. The motion before this . . . before this court today was whether the petitioner is allowed, based on extension of the time, to file for attorneys' fees."

The court directed the parties to confer regarding modifications to the proposed order, with Byron's attorney to prepare and submit a new proposed order afterward.

On April 20, 2020 the court signed an order granting Byron's January 27, 2020 "motion in full"; setting aside its November 22, 2019 order denying Byron's motion for attorney fees based on mistake of counsel and pursuant to section 473, subdivision (b); and granting Byron's request to extend the time to file a motion for attorney fees based on mistake of counsel and pursuant to section 473, subdivision (b), and rule 3.1702(d).

On June 26, 2020 Byron filed a new request for order again seeking $88,159 in attorney fees and costs and attaching the memorandum of points and authorities from her September 24, 2019 attorney fees motion. As indicated by the court's January 28, 2021 and February 16, 2021 minute orders, the trial court stayed any action relating to those attorney fees pending the resolution of this appeal.[8]

## DISCUSSION

1. *Governing Law and Standard of Review*

Section 473, subdivision (b), provides in part, "The court may, upon any terms as may be just, relieve a party or his or her

---

[8] The court's January 28, 2021 and February 16, 2021 minute orders show the trial court had, however, granted Byron's separately filed, unrelated request for appellate attorney fees in excess of $31,000 incurred in connection with McCray's unsuccessful appeal of the restraining order.

Pursuant to rule 8.155(a)(1)(A), we augment the record on our own motion to include the June 26, 2020 request for order and attachment, as well as the January 28, 2021 and

legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." A party seeking discretionary relief "'on the basis of mistake or inadvertence of counsel must demonstrate that such mistake, inadvertence, or general neglect was excusable because the negligence of the attorney is imputed to his client and may not be offered by the latter as a basis for relief.'" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.) Neglect or mistake is excusable only if a reasonably prudent person under similar circumstances might have made the same error. (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276; accord, *Zamora*, at p. 258; *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423; see *Solv–All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1007.) "[T]he discretionary relief provision of section 473 only permits relief from attorney error 'fairly imputable to the client, i.e., mistakes anyone could have made'"; "'[c]onduct falling below the professional standard of care, such as failure to timely object or to properly advance an argument, is not . . . excusable.'" (*Zamora*, at p. 258.)

"An honest mistake of law is a valid ground for [discretionary relief under section 473, subdivision (b),] when the legal problem posed "'is complex and debatable.'"" (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611.) "The controlling factors in determining whether a mistake of law is excusable are the reasonableness of the misconception and the justifiability of the failure to determine the correct law." (*Ibid.*)

---

February 16, 2021 minute orders, which were not identified in McCray's designation of record on appeal.

Section 473, subdivision (b), also provides for mandatory relief "[n]otwithstanding any other requirements of [the] section" to vacate a default judgment or dismissal "whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect . . . unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).)  If the statutory conditions are satisfied, the court must grant relief. (*Solv–All v. Superior Court*, *supra*, 131 Cal.App.4th at p. 1008; *Metropolitan Service Corp. v. Casa de Palms, Ltd.* (1995) 31 Cal.App.4th 1481, 1487.)

"'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.'" (*Zamora v. Clayborn Contracting Group, Inc.*, *supra*, 28 Cal.4th at p. 257.)  "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249; accord, *Grados v. Shiau* (2021) 63 Cal.App.5th 1042, 1049.)  If a ruling turns on a disputed issue of fact, the trial court's express and implied factual determinations are not disturbed on appeal if supported by substantial evidence. (*Strathvale Holdings*, at p. 1250; see *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632 ["[i]f the trial court's resolution of [a disputed] factual issue is supported by substantial evidence, it must be affirmed"]; see also *Zamora*, at p. 258 ["""where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed"""].)

11

Rule 3.1702(d) provides, "For good cause, the trial judge may extend the time for filing a motion for attorney's fees in the absence of a stipulation or for a longer period than allowed by stipulation." "'Rule 3.1702(d) is "remedial" and is to be given a liberal, rather than strict interpretation. [Citation.]' [Citation.] . . . . A court may grant a request for extension of time to file a motion for attorney's fees even if the motion is not filed until after the deadline for filing an attorney's fees motion under rule 3.1702. [Citation.] Even a claim of inadvertence, if it is not prejudicial, may constitute good cause for a late filing." (*Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 326 (*Robinson*).) "[A] trial court's finding of 'good cause' is generally reviewed deferentially, solely for abuse of discretion." (*Id.* at p. 327.)

An appellate court will not reverse an order granting relief under the discretionary provision of section 473, subdivision (b), unless the appellant demonstrates the ruling resulted not only in a clear abuse of discretion but also in a miscarriage of justice, that is, the error was prejudicial. (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006; see *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 802 [for a trial court's order to be overturned, appellant must demonstrate an error was prejudicial; that except for the error, a different outcome was probable].)

2. *McCray Failed To Establish the Trial Court Abused Its Discretion or Committed Reversible Error*

McCray contends the mandatory relief provision of section 473, subdivision (b), only applies to defaults and dismissals and is thus inapplicable in the case at bar and, because Byron's attorney admitted she had mistakenly assumed the deadline was six months or 180 days rather than 60 days

without having researched the issue, the trial court abused its discretion in granting Byron's January 27, 2020 motion under the statute's discretionary provision. (See, e.g., *Zamora v. Clayborn Contracting Group, Inc.*, *supra*, 28 Cal.4th at p. 258.)

We agree section 473, subdivision (b)'s mandatory relief provision does not apply here. (See, e.g., *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 143 ["[o]n its face, the mandatory provision requires the court, if certain prerequisites are met, to vacate a 'default,' a 'default judgment,' or a 'dismissal'"].) McCray, however, failed to establish the trial court abused its discretion in granting discretionary relief under section 473, subdivision (b): McCray failed on appeal, as well as in the trial court, to show, independent of any statement by Byron's counsel, that the fees motion was due 60 days from March 26, 2019. Although Byron's counsel at the March 10, 2020 hearing agreed her deadline was 60 days from the date the restraining order had been entered, a concession Byron repeats on appeal, the parties' position was based on legal error; and we, of course, are not required to adhere to it. (See *Desny v. Wilder* (1956) 46 Cal.2d 715, 729 ["[t]his court, of course, is not bound to accept concessions of parties as establishing the law applicable to a case"]; *Tun v. Wells Fargo Dealer Services, Inc.* (2016) 5 Cal.App.5th 309, 327 ["[q]uite simply, we are not bound to follow the meaning of a statute (or the law) conceded by a party"]; *Bell v. Tri-City Hospital Dist.* (1987) 196 Cal.App.3d 438, 449 ["the Bells' counsel's erroneous concession cannot and should not prevent this court from applying sound legal principles to the objective facts disclosed by the record"]; *Pease v. Brown* (1960) 186 Cal.App.2d 425, 430, fn. 6 ["'[i]f it be said that the views herein expressed depart from the theory upon which the case was

tried the answer is that the rule confining the parties upon appeal to the theory pursued below does not apply to a question which is one of law only [citation], and that an appellate court is never bound by concessions of counsel as to the applicable law'"].)

Byron's motion for attorney fees was based on her status as the prevailing party under a statutory attorney fees provision (specifically, section 527.6, subdivision (s)). Rule 3.1702, which generally applies in civil cases to claims for statutory attorney fees (see rule 3.1702(a)), provides, at subsection (b)(1), a notice of motion to claim attorney fees "must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case." Rule 8.104(a)(1) provides, with exceptions not relevant to this matter, that a notice of appeal must be filed on or before the earliest of (A) 60 days after the superior court clerk serves "a document entitled 'Notice of Entry' of judgment or a file-endorsed copy of the judgment, showing the date either was served"; (B) 60 days after a party serves "a document entitled 'Notice of Entry' of judgment or a file-endorsed copy of the judgment, accompanied by proof of service"; or (C) 180 days after entry of judgment. The requirements of rule 8.104 are to be strictly and literally applied; actual notice is not the standard. (See *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902-903; *Sunset Millennium Associates, LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256, 260.)

At the November 22, 2019 hearing McCray's attorney argued 60 days applied because "both parties, on March 26, 2019, were served in the courtroom with the final order." He relied on no additional information regarding the service, such as who served the parties, whether the parties were served with a filed-endorsed copy, or whether the file-stamped order that had been

14

served showed the date of service—that is, notwithstanding his argument 60 days applied, McCray had not pointed in the trial court to any information indicating the requirements of rule 8.104(a)(1)(A) or (B) had been met and thus had not shown that 180 days was not the correct deadline.

The file-stamped restraining order itself, which was attached as an exhibit to Byron's September 25, 2019 attorney fees motion and on which Byron on appeal relies in explaining why her counsel later, at the March 10, 2020 hearing, conceded 60 days was the correct deadline, does not establish 60 days was the appropriate deadline. That order, under the heading "Service of Order on Restrained Person," merely checked the box next to the preprinted sentences, "The [restrained person, McCray] personally attended the hearing. No other proof of service is needed." Although file-endorsed, it did not indicate the superior court clerk or a party had served it, nor did it state the date of service. (See *In re Marriage of Lin* (2014) 225 Cal.App.4th 471, 473-475 ["[t]he triggering document must show the date on which it was served"; rejecting contention "the shorter 60-day time limit applies rather than the 180-day outside limit" even though the appellant had been present at the hearing and the pertinent Judicial Council form provided "that a restrained person is considered 'served' when so present"]; see also *Alan v. American Honda Motor Co., Inc.*, *supra*, 40 Cal.4th at pp. 903, 905 ["To interpret rule 8.104(a)(1) as commencing the 60-day period for filing a notice of appeal only when the clerk has sent a single, self-sufficient document satisfying all of the rule's conditions does not do violence to the rule's language"; "we conclude that rule 8.104(a)(1) does indeed require a single document—either a 'Notice of Entry' so entitled or a file-stamped copy of the

15

judgment or appealable order—that is sufficient in itself to satisfy all of the rule's conditions"].)

Byron's counsel did not concede 60 days was the appropriate deadline at the November 22, 2019 hearing, and the trial court did not specify the bases for its ruling the motion was untimely.[9] Given the presumption of correctness we accord that ruling, particularly in the absence of any indication in the record that the trial court had been made aware of any document satisfying the requirements of rule 8.104(a)(1)(A) or (B), we infer the court properly determined Byron's attorney fees motion was untimely because filed two days late under the 180-day deadline as a result of Byron's counsel's calculation error.

The issue for the trial court under section 473, subdivision (b), therefore, was whether Byron's counsel's miscounting of 180 days on a calendar constituted excusable neglect. The court was not bound by Byron's attorney's subsequent erroneous legal concession regarding the applicability of the 60-day deadline. McCray on appeal does not challenge the trial court's implied determination that this mistake satisfied the requirements for discretionary relief under section 473, subdivision (b), nor could he reasonably do so: Byron's counsel's two-day miscalculation constituted "attorney error 'fairly imputable to the client, i.e., mistakes anyone could have made.'"

---

[9]     Although the trial court at the November 22, 2019 hearing stated, "I think what I need to do here is deny without prejudice the motion for attorneys fees on the grounds of timeliness as argued by Mr. McCray through counsel. And that is under [rule] 3.1702 of the California Rules of Court," the court did not specify by what length of time or under what deadline (60 days or 180 days) it had determined the motion to have been untimely.

16

(*Zamora v. Clayborn Contracting Group, Inc.*, *supra*, 28 Cal.4th at p. 258; see *Haviland v. Southern California Edison Co.* (1916) 172 Cal. 601, 605 ["[i]t will hardly be claimed that the inadvertent entry of a wrong date in the book or journal in which defendant's attorneys kept a record of the proceedings to be taken by them could not fairly have been held by the trial court to furnish sufficient ground for relief under the remedial provisions of section 473"]; *Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1192-1193 ["The discretionary provisions of section 473 have been in place since the 1800's. . . . Very early on, the courts decided that the failure of counsel to meet a procedural deadline was a proper subject for section 473 relief"].)

In any event, McCray failed to show he was prejudiced by the trial court's order, even if the court erred. As discussed, the November 22, 2019 order denied Byron's attorney fees motion without prejudice. Thus, without granting the section 473 motion, the court's order extending the time for Byron to re-file her attorney fees motion provided all the relief she needed.[10] The "court has considerably more latitude in ruling on an extension of

_____

[10] The record indicates Byron's January 27, 2020 motion sought an extension for the filing of a renewed fees motion under rule 3.1702(d) as an alternative to the court's setting aside its November 22, 2019 order under section 473. McCray's counsel at the March 10, 2020 hearing confirmed his understanding that Byron's January 27, 2020 motion was based on "two different theories of the law," the "first one is pursuant to [section] 473[, subdivision] b," and "the second theory is . . . rule 3.1702, subsection (d)." He had also told the court his understanding that Byron's motion to extend the time to file the renewed fees motion "is not a motion before the court to set aside your denial back in November 22, 2019," which "stands the way it was."

time to file an attorney's fees motion under the 'good cause' standard of Rule 3.1702(d) than it does in granting relief from a 'judgment, dismissal [or] order' under Code of Civil Procedure, section 473, subdivision (b)." (*Robinson, supra,* 4 Cal.App.5th at p. 327.)

McCray argues the trial court also abused its discretion in granting Byron's rule 3.1702(d) motion for an extension of the deadline to bring the renewed fees motion. Relying in part on *Robinson, supra,* 4 Cal.App.5th at page 327, in which the court stated "[c]ounsel's honest mistake of law' may constitute good cause under Rule 3.1702(d), depending in large part on the reasonableness of the misconception," McCray contends there was no reasonable and honest mistake of law here because Byron's attorney had failed to take any step to ascertain the correct legal deadline. McCray, however, ignores that Byron in her motion argued there was good cause to extend the time for filing a motion for attorney fees not only on the ground her attorney's honest mistake of law was reasonable but also because of the absence of any prejudice to McCray arising from her attorney's inadvertent failure to timely file the motion. She asserted her counsel's legal mistake as to the applicable deadline "caused no prejudice . . . other than the prejudice [McCray] would already claim by having to pay" her attorney fees in the absence of the mistake. She also argued "the mistake of counsel in calculating the motion deadline" "was in no way designed to prejudice [McCray], and in no way has prejudiced" him. In contrast, she argued, "[d]enying [Byron] the right to recover her attorney's fees and costs as the prevailing party in a civil harassment matter serves as a windfall to [McCray], who would otherwise be liable for the significant fees and costs [Byron]

18

incurred in having to protect herself from [McCray's] harassment."

As shown by the statements of Byron's attorney in her declaration in support of the motion for an extension, substantial evidence supported the court's implied finding Byron's attorney's failure to timely file the attorney fees motion was inadvert. In the absence of prejudice to the opposing party, inadvertence may be an adequate ground for extending the time under rule 3.1702(d). (*Robinson*, *supra*, 4 Cal.App.5th at p. 326.) Because McCray made no attempt to argue or show any prejudice in his opening appellate brief for Byron's attorney's inadvert failure to timely file the fees motion, he failed to establish any abuse of discretion by the trial court. (See *Pollard v. Saxe & Yolles Dev. Co.* (1974) 12 Cal.3d 374, 380-381 ["In the absence of prejudice, the trial court has broad discretion in allowing relief on grounds of inadvertence from a failure to timely file a cost bill"; determining the court did not abuse its discretion in granting defendants' motion for permission to file a late memorandum of costs—a motion that had been brought after the statutory deadline—where there was "no showing of prejudice"]; *Robinson*, at p. 328 ["The fact that there were procedural irregularities provides no basis for invalidating the award where [appellant] makes no attempt to show prejudice"; "we see . . . no reason to grant [appellant] windfall protection from attorney's fees exposure"]; see also *McCann v. City of San Diego* (2021) 70 Cal.App.5th 51, 82, fn. 17 ["we need not address claims not properly addressed in the opening brief"]; *In re Marriage of LaMoure* (2011) 198 Cal.App.4th 807, 817 [appellant forfeited argument mentioned in reply brief but not raised in opening brief].)

## DISPOSITION

The April 20, 2020 order is affirmed.  Byron is to recover her costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.