Filed 10/8/25  Trias v. Robello CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SHENELL KRISTIE TRIAS, Plaintiff and Respondent, v. KATRINA ARIEL ROBELLO, Defendant and Appellant. | A172106 (Solano County Super. Ct. No. CU24-01458) |

Sixty-three days after the trial court issued a civil restraining order against Katrina Robello, she filed a notice of this appeal.  Because Robello's notice of appeal was not timely filed, and because the appellate record and briefing are wholly insufficient, we dismiss the appeal.

**BACKGROUND**

In March 2024, Shenell Trias filed a petition for a civil restraining order.  After a hearing on September 23, 2024, where both parties appeared, the court granted Trias's petition and issued a "Civil Harassment Restraining Order After Hearing" on the Judicial Council Form CH-130 mandated by Code of Civil Procedure section 527.6, subdivision (x).[1]

_____

[1] The restraining order is effective until midnight on September 24, 2026, and requires Robello to stay at least 100 yards away from and have no contact with Robello's "ex-sister in law" Trias and Robello's then 8-year-old biological daughter.

1

The restraining order executed by the court and filed the same day includes a proof of service that represents Robello "personally attended the hearing," was served with the order, and "[n]o other proof of service is needed."

On November 25, 2024, Robello filed a notice of this appeal.

**DISCUSSION**

"The time for appealing a judgment [or appealable order] is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56; Cal. Rules of Court,[2] rule 8.104(e).)  A notice of appeal must be filed within 60 days of service of notice of the appealed-from order or within 180 days of entry of the order, whichever is earlier.  (Rule 8.104(a)(1).)  Personal delivery of the challenged order is a proper method of service.  (Rule 8.104(a)(2) [service may be accomplished "by any method permitted by the Code of Civil Procedure"]; Code Civ. Proc., § 1011.)

Here, the record "facially establish[es]" that Robello was personally served with the restraining order at the September 23, 2024 hearing.  (Cf. *In re Marriage of Lin* (2014) 225 Cal.App.4th 471, 473 [applying 180-day limit where "the court record does not facially establish service of the domestic violence restraining order"]; see also Fam. Code, § 6384, subd. (a) ["no additional proof of service is required" where the restrained party "has received actual notice of the existence and substance of the order through personal appearance in court"].)  Under the heading "Service of Order on Restrained Person," the restraining order reflects that Robello "personally attended the hearing" on the restraining order and therefore "[n]o other proof

_____

[2] All further rule references are to the California Rules of Court.

of service is needed." Thus, because Robello was served on September 23, 2024 with the restraining order in a manner consistent with rule 8.104(a)(2), the 60-day deadline in rule 8104(a)(1)(A) applies, as opposed to the 180-day deadline in rule 8.104(a)(1)(C). Consequently, Robello's notice of appeal, which was filed three days after the 60-day deadline expired, is untimely and her appeal must be dismissed. (Rule 8.104(b) ["If a notice of appeal is filed late, the reviewing court must dismiss the appeal"].)

In any event, even if Robello's notice was timely, the paucity of the record and inadequacy of Robello's opening brief (no reply brief was filed) would compel us to conclude that Robello forfeited her appellate challenges and abandoned her appeal. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119–1120 [an appellant's failure "to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal"].)

A "cardinal rule of appellate review" is that a trial court's order "is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) "It is the appellant's responsibility to include in the appellate record the portions of the reporter's transcript relevant to appellant's issues on appeal." (*In re Valerie A.* (2007) 152 Cal.App.4th 987, 1002 [considering challenge to trial court's denial of sibling visitation "abandoned" based on appellant's failure to include relevant portions of the reporter's transcript].)

3

The entire record for our review consists of the restraining order, Robello's notice of appeal and record designation (expressly excluding "a record of the oral proceedings" in the trial court), and the register of actions. The record lacks not only a reporter's transcript of the September 2024 hearing or an agreed or settled statement of the proceedings but is also missing Trias's initial petition for the restraining order and any evidence submitted in support of or opposition to that petition. The absence of an adequate record of the trial court proceedings is "fatal" to Robello's appeal because "we cannot undertake a meaningful review" of Robello's arguments, which are similarly insufficient. (*Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at pp. 186–187.)

Indeed, Robello's briefing fails to identify the applicable standard of review or otherwise develop her legal arguments. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 [failure "to articulate the standard of review on appeal" is "in and of itself a potentially fatal omission"]; *Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910 [an appellant must "convince us [of error], by developing [her] arguments, stating the law, and calling out relevant portions of the record" and the "failure to do so justifies rejection of [the] argument on [that] basis alone"].) Because Robello's briefing makes only "conclusory" claims of error and lacks an adequate record, "it is appropriate for this court to deem the appeal abandoned and to dismiss it." (*Berger v. Godden*, *supra*, 163 Cal.App.3d at p. 1120.)

## DISPOSITION

The appeal from the September 23, 2024 civil restraining order is dismissed. Trias is awarded costs on appeal. (Rule 8.278(a)(2).)

4

DESAUTELS, J.

We concur:

STEWART, P. J.

MILLER, J.

*Trias v. Robello* (A172106)